By the Court. Hoffman, J.
In this case, under the suggestion of the judge at the trial, a general verdict was taken for the plaintiff, subject to the opinion of the Court upon certain questions of law. The jury also found specially upon some questions of fact submitted to them, and the case is now before the Court for judgment.
The defendant seized the goods in question under warrants of attachment issued in favor of White and Thurger against George Stewart, one of the firm of Stewart & Patterson, as well as under executions against him. This possessory action is brought against the Sheriff to recover such goods, and damages for the detention. Security having been given under the Code, the goods were delivered.
In the first place the plaintiff’s claim' is placed upon an assignment executed to him on the 29th of May, of the property seized. The levy was made on the same day, but evidence warrants the belief that the plaintiff was in possession, claiming as assignee, some hours before the levy was made. The jury have also found that the assignment was not fraudulent, and that it was delivered to the plaintiff, before the receipt, by the Sheriff, of the execution under which the levy was made.
The defendant, to meet this view of the case insists, that the assignment is void. It is made by only one partner of the firm, and it is aEeged that the other partner had absconded at the time.
The law is definitively settled, in this Court at least, that one partner cannot-execute an assignment of all the partnership *6 property, and appoint an assignee of all the property, even providing for a-ratable distribution of the funds, when his associate is present and capable of acting. (Denning v. Colt, 3 Sand. S. C. Rep. 284; Hayes v. Heyer, Ibid.) An assignment under such circumstances, giving preferences, would be even more objectionable ; and this was the decision in St. John v. Hitchcock, Hoffman’s Reports ; although the partner who did not join, resided in Savannah, where he was carrying on at the time the business of the firm.
One question on this subject remains without any judicial decision, that we are aware of. It is, whether an assignment by one partner, when the other has abandoned all control of the business, is valid or not; and as a branch of this question, whether a distinction exists in such a case, where preferences are given in the instrument, and where they are not.
We are of opinion that the decisions, and the principles of the decisions, lead to the conclusion, that in such a-case the assignment is valid, if an equal distribution of all the funds is directed. We do not feel called upon now to decide the question where a plain case of preferences is made, for reasons hereafter stated.
In the present case the evidence of an actual abandonment of the business, and relinquishment of all control and participation in the management, is sufficient.
We come then to the question, whether any preference of a creditor is given in the assignment, and the nature of such preference, if any.
Day was a mortgagee of property of the firm, upon an unquestioned mortgage. The assignment, after providing for the expenses of the trust, directs the amount of the mortgage held by Day to be paid from the proceeds of the property. That property comprises “ all and singular the partnership property of the said firm of George Stewart & Co., and especially all and singular the articles of dry-goods, and all other goods and chattels now in said store, together with all the debts, promissory notes, and demands due and owing to such firm.”
But the mortgage transfers only “ the shawls, laces, embroideries, silks,, hosiery, other fabrics, and the entire stock in trade of every name and nature, now in the store, Ho. 379 Broadway.”
*7 The notes and debts owing to the firm, do not pass under the phrase, “ all the stock in trade of any nature or kind whatever.” Lord Eldon pointed out the distinction between capital and stock in trade, in the contested case of Crawshaw v. Collins (Jacob and Walker, 278 ; 2 Russell, 339). Neither in legal nor mercantile acceptation would these words comprehend the debts of the firm; and if they were doubtful, yet the phrase, “ now in the store, 379 Broadway,” would be decisive.
The assignment may operate to enable the assignee to take all the property not mortgaged, and apply it to the mortgage debt, leaving the avails of the mortgaged property to the other creditors.
It also operates so as to apply the avails of such other property to pay, in the first place, any deficiency which may occur upon the sale of mortgaged stock. It is a preference in favor of this creditor over all others so far as respects this property, and for this deficiency.
But we do not consider that such a preference renders this assignment wholly void. The jury have found that it was not fraudulent. It is true that under a series of cases this is not decisive of the question, if the illegality appears upon the face of the instrument.
The assignment transfers property covered by a valid mortgage, together with other property, for its payment. The parcels of property are entirely distinct. We cannot conclude that such a preference proves of itself a fraudulent intent which shall avoid this assignment.
The better opinion appears to be that a preference, in an assignment by partners of their property, given to a debt due by one of them, is not enough to vitiate the instrument, but affects the preference only. (Nicholson v. Leavett, 4 Sand. S. C. Rep. 302, affd cases cited.) This shows that it is not every preference apparently interfering with specific creditors’ rights, that will avoid the assignment. The character of the preference may be inquired into. Our opinion, therefore, is, that in the case of an absconding partner, or one who has abandoned all interference with the concern, the other partner has the power to make any assignment of the property which is not *8 fraudulent, and that the preference given in the present case does not render it so.
It is urged, however,' on' the part of the defendant, that the assignment was found free from fraud by the- jury, by reason of the evidence of Day as a witness; and the argument is this—that the assignment is fraudulent because it gives a preference to the mortgage, which mortgage is fraudulent apart from Day’s evidence; and is only sustained, or it must be considered as sustained solely or chiefly, by Day’s evidence.
In the first place, it is to be noticed that the verdict was taken generally for the plaintiff, subject to the opinion of the Court upon the whole case, and upon certain facts specially •found.
In the.next place, the jury have found the assignment not to be fraudulent; and there was evidence enough before them to sustain the position that the assignment was executed and delivered, and possession taken under it, before the levy. • At any .rate, it was a point entering into the question of fraud in the assignment, and they have passed upon it.
Under such circumstances, it would be incumbent upon the defendant to show actual fraud in the mortgage or debt secured thereby, to protect which chiefly the assignment was made. Instead of. doing this successfully, the mortgage and debt are thoroughly sustained by testimony entirely independent of Day.
The following facts-relating to it appear. The mortgage was payable in thirty days; but the mortgagee was émpowered to put an agent in the store, who should keep the keys; the mortgagor was to continue to sell by retail, but the daily proceeds were to be paid over to the mortgagee. Humbert went there as such agent, about the date of the mortgage, and continued there until the Sheriff came. There was a delivery of the goods to Day who was present, and Humbert was put in possession by Day.
The advance of the money secured is distinctly proven by Brown. The mortgage was duly filed in the Eegister’s Office „ of the county, under the statute, on the day of its date. Under *9 such circumstances, the mortgage and the debt mentioned in it were not merely not assailable, but entirely supported by evidence without that of Day. We do not, therefore, deem it necessary to decide the question as to the admissibility of Day as a witness.
The judgment will be entered for the plaintiff.