## NEW-YORK COMMON PLEAS.

### AUGUST WETTER agt. HERMAN SCHLIEPER, OTTO HAAR-HAUS and FREDERICK W. BOHNSTEDT.

Two partners, in the absence from the country, and without the knowledge or assent of their *copartner*, (three constituting the firm,) have no authority to make an *assignment* for the benefit of creditors *generally*, *without preference*.

If the power does not exist in any number of partners less than the whole, to make an assignment *giving preferences*, it is not discovered by what process of reasoning it can be determined that any one partner can vest the entire partnership assets in a trustee by an assignment *without preferences*.

Such an assignment being absolutely void, it presents no obstacle to a suit by the *co-plaintiff*, who repudiates the assignment, for the dissolution of the copartnership, an order for accounting, and the appointment of a receiver of all the property of the partnership, and to set aside such assignment. An injunction, also, until final judgment in the action, will be allowed.

*Special Term, January*, 1858.

IN January 1857, the plaintiff and the defendants Schlieper

and Haarhaus formed a copartnership for the transaction of an importation and commission business, under the firm name of "Wetter, Schlieper and Haarhaus," to continue for three years, and end in December, 1859. The place of business of the firm was at the city of New-York, where the partners resided.

In May, 1857, the plaintiff went to Europe temporarily, on the business of the copartnership, to solicit consignments, &c.

While thus occupied, and on October 20th last, the defendants Schlieper and Haarhaus wrote to him, requesting his immediate return. This letter reached him in Germany, November 9, when he immediately returned to the city, coming by the way of Switzerland, &c., and arrived here December 14, 1857

His intention to so return, was communicated to his partners by a letter written about the 9th of November, and which was received here about the first of December.

On December 5th, 1857, the defendants Schlieper and Haarhaus without the knowledge or consent of the plaintiff, executed, and delivered to the defendant Bohnstedt a general assignment of all the partnership property, in trust for the benefit of the creditors of the firm. The assignee was a clerk of the firm, and is a resident of the state of New-Jersey.

The plaintiff arrived in this city on December 14, 1857, repudiated the alleged assignment, and has never ratified it in any way. It is conceded that the firm is insolvent. On December 28, 1857, this suit was commenced, and upon a complaint alleging these facts, &c., asks the court to dissolve the copartnership, order an accounting, appoint a receiver of the partnership assets, to set aside as fraudulent and void the attempted general assignment as made by the defendants Schlieper and Haarhaus, and restrain the defendants, &c.

A temporary injunction having been ordered, a motion is now made to continue it until the final determination of the action, and also appoint a receiver, &c., of the property of the firm.

The defendants, by their answer, deny the fraud, &c., alleged in the complaint.

A. F. SMITH, *for plaintiff.*
ALBERT MATHEWS, E. V. R. WRIGHT *and* JAMES
MONCRIEF, *for defendants,* who insisted,

*First.* The plaintiff stands in a different position from a judgment creditor, and cannot impeach the assignment for any fraud which does not directly affect himself. The partnership being insolvent, he has no interest in the assets specifically. The interest of all parties, so far as a court of equity will listen to them, is that the assets be distributed rateably among all the creditors. This, the defendants have sought to effect, they have no further control of the assets. The assignee is bound to do it, and any departure from his duty will be ground of removal; but so long as he performs his duty, the plaintiff cannot be heard to complain in a court of equity. He has no lien upon the assets. (*Greenwood* agt. *Broadhead,* 8 *Barb. R.* 593 ; *Crippen* agt. *Hudson,* 3 *Kern. R.* 161.)

(*a*) The alleged frauds are denied in the affidavits; besides, they do not touch the legal capacity or actual conduct of the assignee.

*Second.* The insolvency of the assignee, if alleged or proved, is not sufficient to authorize the court to interfere, so long as the creditors, who alone are interested, do not complain. They have a right to rely upon integrity in preference to a property qualification. Their silence is evidence of their acquiescence. But in order to be even evidence of intent to defraud a creditor, there must be actual insolvency, and it must be known to the debtor at the time of the assignment. Here is no insolvency. (*Browning* agt. *Hart,* 6 *Barb. R.* 91 ; *Reed* agt. *Emory,* 8 *Paige R.* 417.)

*Third.* The great experience of the assignee, and his long acquaintance with the affairs and assets of the firm, rendered him a fit person to be assignee, and would alone be sufficient,

even in a creditor's suit, to rebut any evidence of fraud. (8 *Paige*, 417.)

*Fourth.* The allegations of fraud and insolvency are wholly denied, and explained in the affidavits, and the whole equity of the plaintiff's complaint is denied. This alone, is a sufficient answer to any application for an injunction. The allegations on information and belief are to be disregarded. (*Campbell* agt. *Morrison*, 7 *Paige R.* 157 ; *Manchester* agt. *Day*, 6 *Paige R.* 295.)

*Fifth.* The pressing necessity of the case, and the absence of the plaintiff from the country, are a sufficient reason for the assignment in question being made without his assent. It was a highly equitable act, and most for the benefit of all the creditors of the firm, and the plaintiff himself. (*Fisher* agt. *Murray*, 1 *E. D. Smith R.* 341 ; *Mabbett* agt. *White*, 2 *Kern. R.* 442 ; *Kemp* agt. *Carnly*, 3 *Duer R.* 1 ; *Anderson* agt. *Tompkins*, 1 *Brock. R.* 456 ; *Harrison* agt. *Story*, 3 *Cranch R.* 289 ; *Robinson* agt. *Croweler*, 4 *McCord R.* 519 ; *Robinson* agt. *McIntosh*, 3 *E. D. Smith R.* 233.)

*Sixth.* To set aside the assignment, and appoint a receiver, would open the property to the chances of a wasteful race of diligence among eager creditors, and those whose debts are not yet matured will be wholly remediless. This would be inequitable in the highest degree. The appointment of a receiver would not save the property from the rights of judgment creditors, even if the court were bound to interfere against the assignee, on the application of a judgment creditor seeking his preference by reason of his diligence, and the assignment be fraudulent as against a judgment creditor, it would still be valid between the parties, and the plaintiff bound to acquiesce in the acts of the defendants.

The plaintiff does not offer to do equity by offering to join in the assignment, if any person shall be appointed by the court, unobjectionable to himself, to execute the trusts in this assignment by distributing the assets rateably. (*Corning* agt. *White*, 2 *Paige* 567.)

1. A judgment that requires the payment of money may

always be enforced by an execution against the property of the judgment debtors, and the execution to be directed to the proper officer, is a matter of legal right. (2 *R. S.* (4*th Ed.*) *p.* 611, § 1; *Code*, § 285.)

2. The officer has the right, and it is his duty, to levy upon all such property; and in this case he had the right to levy upon the partnership assets, *if they still belonged to the above named parties*, as it is contended they did.

3. The legal title to the partnership assets would remain in the partners, notwithstanding the commencement of this action, and the appointment of the receiver.

(1) The creditors of the firm certainly acquire no lien on the property by reason of anything done between the partners in this suit, prior to a decree, nor have they any control over the suit.

(2) The receiver before the decree, is a mere custodian of the property for the benefit of the parties to the suit.

(*a*) It is abundantly competent for the parties to the suit, at any time before a decree, to settle the suit, and discharge the receiver, taking the property into their own hands.

(*b*) The receiver has no title for the creditors, nor any authority to transfer or sell the property, until a decree.

4. The appointment of a receiver in this action, and the possession by the receiver, will not prevent a levy, for it is no contempt of the court nor interference with its order, to make the levy. (*Albany City Bank* agt. *Schermerhorn*, 10 *Paige*, 263.)

5. It has been abundantly decided, that the creditors of a partnership have no general lien on the assets, unless the agreement of dissolution, or the decree of the court, creates a lien, and even then, it is said to be not a lien of the creditors, but the equities of the partners to have the property applied in payment the firm debts.

No such decree could be made in this action. (*Ex-parte Ruffin*, 6 *Ves. Jr.*, 126; *Ex Parte Williams*, 11 *id.* 5.)

6. The creditors cannot be prevented from pursuing their legal remedies, and acquiring a lien by judgment and execu-

tion, by the commencement of a suit between the partners, and the appointment of a receiver in such suit.

(1.) For the partners have the control of the suit, and the creditors are not parties before decree. (*Innes* agt. *Lansing*, 7 *Paige Rep.* 583.)

(2.) To say that the receiver's possession prevented the creditors from pursuing their legal remedies, is to give power to partners to put their creditors at defiance. Partners may always, when pressed, contrive a quarrel, and resort to a suit and a receiver.

7. This form of action between partners is analogous to the old equity action, against executors for an account and distribution, and in such case any creditor could always acquire a priority by judgment, and execution before decree. (*Largan* agt. *Bowen*, 1 *Scho. & LeF. Rep.* 299; *Thompson* agt. *Brown*, 4 *J. Ch. Rep.* 631, 642, 643, 639, *et seq.*)

The case of a partner filing his bill against his copartner for an account, and for an equal and rateable distribution of the assets among all the creditors, is not distinguishable in principle from the case of a bill against executors for an account and distribution, and it was always held in such case, that after a bill filed and before decree, the executor might confess a judgment which would have priority. (*Smith* agt. *Eyles*, 2 *Atk.* 385; *Poony* agt. *Phelps*, 10 *Vesey*, 34; *Thompson* agt. *Brown*, 4 *J. C. R.* 636.)

8. The precise point in question, *i. e.* that the receivership in a partner's suit, is no bar to a creditor before decree, was decided in *Pratt* agt. *Robinson, and in Waring* agt. *Robinson,* (1 *Hoff. Ch. Rep.* 524.) (*See also* 2 *Duer's Rep.* 685.)

HILTON, Judge. Where a copartnership has become insolvent, no doubt can exist as to the power of a court of equity, upon the application of either partner by a proper complaint, to appoint a receiver to take charge of all the partnership assets, and close up its affairs. (*Adams' Doctrine of Equity*, 241, 243; *Story's Eq. Jur.*, §§ 672, 673; *Law* agt. *Ford*, 2 *Paige*, 310; *Egberts* agt. *Wood*, 5 *id.* 517, 525; *Story*

*on Part.* §§ 228, 229; *Hitchcock* agt. *St. John*, 1 *Hoff. R.* 501 ; *Martin* agt. *Van Schaick*, 4 *Paige*, 479.)

The motion, therefore, presents the question, whether the execution and delivery of the assignment so made by the defendants Schlieper and Haarhaus, purporting to convey and transfer all the partnership assets to the defendant Bohnstedt in trust for the creditors of the firm, can be considered as an impediment to the exercise of this power of the court, and prevent its granting the plaintiff the relief he asks. During the existence of a partnership, each partner is clothed with, and possesses an equal and general power and authority, in behalf of the firm, to sell, loan, pledge, dispose of its effects and property in any manner within the objects of the partnership, or necessary or proper in the ordinary prosecution of its business.

By the act of copartnership, each partner has these powers communicated to him, but they are personal to himself, and cannot be delegated to another without the assent or concurrence of his copartners. (3 *Kent's Com.* 40 ; *Story on Part,* §§ 101, 102 ; *Collyer on Part.* § 384 ; *Egberts* agt. *Wood,* 3 *Paige,* 517, 525 ; *Havens* agt. *Hussey,* 5 *id.* 30 ; *Fisher* agt. *Murray,* 1 *E. D. Smith,* 341 ; *Mabbett* agt. *White,* 2 *Kern.* 442.)

No other powers should be implied except such as are sanctioned by the usage of the trade or business in which they may be engaged. (*Hays* agt. *Heyer,* 3 *Sand. S. C. R.* 297 ; *Hitchcock* agt. *St. John,* 1 *Hoff. Ch. R.* 511; *Fisher* agt. *Murray,* 1 *E. D. Smith,* 341, 343.)

Upon these views of the powers of each partner, it has been frequently decided that an assignment made to a trustee of all the partnership assets, for the benefit of the creditors of the firm, but giving preferences to certain creditors over others, is void, unless made with the assent or concurrence of all the copartners ; upon the ground that authority to make such an instrument is not implied by the act of copartnership or the copartnership relation, and consequently cannot be inferred or presumed. (*Anderson* agt. *Tompkins,* 1 *Brock. Rep.* 456 ; *Harrison* agt. *Story,* 3 *Cranch Rep.* 289; *Havens* agt. *Hussey,* 5

*Paige,* 30; *Deming* agt. *Colt,* 3 *Sand. S. C.* 284; *Fisher* agt. *Murray,* 1 *E. D. Smith,* 341; *Kemp* agt. *Carnly,* 3 *Duer,* 1; *Haggerty* agt. *Granger,* 15' *How. Pr. R.* 243; *Everson* agt. *Gehrman,* 10 *How. Pr. R.* 301; *Dana* agt. *Lull,* 17 *Vermont,* 390.)

Now if the power does not exist in any number of partners less than the whole to make such an assignment giving preferences, by what process of reasoning can it be determined that any one partner can vest the entire partnership assets in a trustee by an assignment, as in this case, without preferences?

By either assignment, the whole property of the firm is wrested from the non-concurring partners, against their will, placed in the possession and under the sole control of a trustee, in whose selection they have had no voice, the business of the firm wholly suspended, and the copartnership itself virtually dissolved. A careful examination of the elementary books treating of the law of partnerships, and of the decisions cited, fails to show that the power exists in either case.

Courts should not imply authority of this extraordinary character, unless the parties intended to grant it, and it never should be presumed, unless the evidence of such intention be express and positive.

Upon the views thus briefly stated, having arrived at the conclusion that the assignment by Schlieper and Haarhaus, without the assent or concurrence of the plaintiff, is absolutely void, and no obstacle in the way of granting the plaintiff the relief sought by him in this action, it follows a receiver must be appointed of all the property of the partnership of Wetter, Schlieper and Haarhaus, and the injunction now existing, continued until final judgment herein.

A reference to appoint said receiver will be taken to Hamilton W. Robinson, Esq., as referee.

Ordered accordingly.