AUGUST WETTER *v.* HERMANN SCHLIEPER, OTTO HAARHAUS and FREDERICK W. BOHNSTEDT.

Where a copartnership has become insolvent, a court of equity has an undoubted power, upon the application of either partner by a proper complaint, to appoint a receiver to take charge of the partnership assets, and close its affairs.

A general assignment of the partnership assets to a trustee for the benefit of the creditors of the firm, executed by two of the partners, without the concurrence of a third, forms no obstacle to the appointment of such receiver.

An assignment thus made is void, although containing no preferences.

The court held the assignment invalid in this case, although executed in the absence of the third partner, the others having received, a few days before the assignment, a letter announcing his immediate return from Europe.

THE complaint was filed in January, 1858, by the plaintiff, as a partner in the importing and commission house of Wetter, Schlieper & Haarhaus, and alleged that the copartnership was formed in December, 1856, for the term of three years; that the partners were all residents of the city of New York, where the business was to be conducted; that in the spring of 1857, pursuant to the desire of Schlieper and Haarhaus, the plaintiff proceeded to the continent of Europe for the purpose of occupying a few months in obtaining consignments to the firm; that by reason of mismanagement and bad faith on the part of the remaining partners, the partnership affairs became involved, and the firm insolvent; that on the ninth of November, 1857, the plaintiff, in Germany, received from his partners a letter, written on the twentieth of October, stating their embarrassments, and urging his immediate return; that he instantly set out for New York, coming, however, by way of Switzerland, in order to obtain

his baggage, but directly transmitting a letter assuring them of his prompt compliance with their request; that this letter reached them about the first of December.

That Schlieper and Haarhaus executed and delivered, on behalf of themselves and the firm, a general assignment in trust for the benefit of the partnership creditors, creating the defendant, Bohnstedt, the trustee; that the assignment purported to transfer all the partnership property; that Bohnstedt was a confidential clerk of Schlieper and Haarhaus before the formation of the present firm, of which he was now the bookkeeper, and that he resided at Hoboken, in New Jersey; that the assignment was fraudulent in fact and intention; was executed without the plaintiff's consent, and that he had refused to ratify or sanction it from the moment its existence had been communicated to him; that the assignment was made on the fifth of December, nine days before his arrival in New York; that the defendants were apprised by letter of the steamer in which his passage had been engaged at Liverpool, and the said steamer was seriously delayed in reaching New York.

Other averments were added relating to the condition of the firm, the responsiblity of the assignee, and the conduct of the remaining partners; and the complaint concluded with a prayer for an injunction and the appointment of a receiver; also, for an accounting, and that the partnership be dissolved.

The plaintiff further prayed for a decree declaring the assignment fraudulent and void.

The answers, and also affidavits produced to the court on behalf of the defendants, took issue upon all the allegations of fraud or mismanagement, and averred that the assignment was executed in a reasonable apprehension that the assets of the firm might be interfered with under attachments or executions at the suit of certain creditors. The insolvency of the firm was admitted.

The case came before the court, at a special term, upon the plaintiff's application for the appointment of a receiver, and for an order to continue until final judgment an in-

junction granted temporarily on the commencement of the suit.

It appeared that the assignment was without preferences, except that the expenses attending its preparation and execution were directed to be paid before a distribution should be made among the creditors.

The court, at the special term, HILTON, J., presiding, having directed the continuance of the injunction, and ordered a reference to appoint a receiver, the defendants appealed from his decision to the general term. Pending the determination of the appeal, the suit was settled between the parties, the plaintiff, upon certain conditions, being allowed by the defendants to enter a judgment substantially in accordance with the prayer of his complaint. (*a*)

The points of counsel are printed in the form wherein they they were used upon the argument of the appeal.

*James Moncrief* and *Albert Mathews*, for the defendants, made and argued the following points :

FIRST POINT.—The plaintiff cannot impeach the assignment upon the ground of alleged fraud, for any fraud that does not directly affect himself in respect to the disposal of the assets. He does not stand in the same position as a judgment creditor. The partnership being insolvent, he has no interest in the assets specifically. The interest of all the partners, so far as a court of equity will entertain them, is, that all the assets be distributed rateably among all the creditors. This the defendants, Schlieper and Haarhaus, have sought to effect. They have no further control of the assets. The assignee holds them only in his representative character, subject to the direction of the creditors, whose agent he is, acting under the supervisory power of the courts of equity. He is bound to act solely for the interest of all the creditors. Any departure from this duty will be ground of removal of him from his

(*a*) The suit having been settled, no decision was rendered at general term The case is reported to be of convenient reference in connection with *Fisher* v *Murray*, published at page 341 of the first volume.—REP.

trust. So long as he performs this duty, the plaintiff cannot be heard to complain in a court of equity.

I. The plaintiff must have a lien upon the assets before he can interfere with the equitable distribution among the creditors. (*Greenwood* v. *Broadhead*, 8 Barb. S. C. R. 593 ; *Griffen* v. *Hudson*, 3 Kern. R. 167.)

II. The frauds in the complaint are not only wholly denied and explained in the answer and affidavits, but they do not touch the legal capacity or mode of appointment or actual conduct of the assignee. The allegations in the complaint upon information and belief are to be disregarded. (*Campbell* v. *Morrison*, 7 Paige, 157 ; *Manchester* v. *Day*, 6 Paige, 295.)

III. The acts of the defendants in creating the assignment were equitable to the utmost degree. They have already done all a court of equity could do, and all the plaintiff asks to have done, and just what a court of equity would be invoked to do, and would do if it were not done already. (*Robinson* v. *McIntosh*, 3 E. D. Smith, 234 ; *Whitewright* v. *Stimpson*, 2 Barb. S. C. R. 379 ; opinion of Judge WHIPPLE, *Kirby* v. *Ingersoll*, 1 Doug. (Mich.) R. 477 ; Opinion of Chancellor, *Corning* v. *White*, 2 Paige, 568.)

IV. The trustee and the trust are under the control of the court of equity upon the application of any party in interest as completely as if he were a receiver by the court. He could not violate the rights of the creditors, or of the plaintiff, if he were so disposed. (1 Rev. Stat. 730, § 70. *Matter of the Mechanics' Bank*, 2 Barb. S. C. R. 446 ; Opinion of Judge WHIPPLE, *Kirby* v. *Ingersoll*, 1 Doug. (Mich.) R. 477.)

V. The plaintiff has not offered to do equity by offering to join in an assignment of all the assets for the benefit of all the creditors. (*Kirby* v. *Ingersoll*, 1 Doug. (Mich.) R. 477 ; *Corning* v. *White*, 2 Paige, 568.)

SECOND POINT.—The assignee is a man of unimpeached integrity, and has been engaged in mercantile business for seventeen years in this city. His great experience and long

acquaintance with the affairs and complicated assets in question rendered him a peculiarly fit person to be the assignee, and these circumstances, even in case of a bill filed by a judgment creditor, would be sufficient to rebut any presumption of fraud. (*Browning* v. *Hart*, 6 Barb. 91 ; *Reid* v. *Emory*, 8 Paige, 417.)

THIRD POINT.—The copartnership being insolvent, the plaintiff being absent, the creditors pressing for payment, and some sacrifices having been already made of the assets to satisfy the more important creditors, while the plaintiff's arrival was awaited for, and the absent partner having had but little participation in the copartnership affairs in this country, and having been long absent, and the plaintiff having unnecessarily delayed some two weeks or more after peremptory requests to return, and it being during the time of the most sudden, severe and inexplicable financial crisis ever known in mercantile history, and the property of the copartnership, by reason of insolvency, equitably belonging already to the creditors, as a trust fund, to be applied rateably to the payment of the debts due them by the copartnership, and the application of this property, by rateable distribution, among the creditors, being the sole duty of the copartners, and the opportunities of legal preferences by creditors being obtained under attachments and executions, if not prevented, rendering it impossible for the copartners, directly and of themselves, to apply the copartnership assets rateably in payment of the copartnership debts ; and one of the resident partners having a full power of attorney to do all acts necessary or proper for the plaintiff's interest in this or any other business, and the assent of the absent partner to what was so fair and equitable, and to his interest, being fairly to be presumed, and there being no opportunity to consult him, therefore, by reason of the pressing necessity of the case, in order to effect the performance of the duty the copartnership owed to the creditors, and as the only possible mode of equitable payment of its debts, to the extent of its assets, the copartners, defendants, had a right to place these assets in the hands of a trus-

tee for such distribution. (*Anderson* v. *Tompkins*, 1 Brock. 456 ; *Harrison* v. *Sterry*, 5 Cranch, 289 ; *Kemp* v. *Camley*, 3 Duer, 1 ; *Mabbett* v. *White*, 2 Kern. 442 ; *Robinson* v. *Crowder*, 4 McCord, 519 ; *Robinson* v. *McIntosh*, 3 E. D. Smith, 233 ; Parsons' Mercantile Law, 1,750, note 1 ; Hare & Wallace's Leading Cases, 294.)

I. The cases cited by the court below do not decide any proposition adverse to this point. (*a.*) The cases, 1 Brock. 456, 5 Cranch, 289, and 3 Duer, sustain the plaintiff's proposition. (*b.*) The cases of *Denning* v. *Colt*, 3 Sand. S. C. R. is earlier than, and in the same court as 3 Duer, 1, and, like *Havens* v. *Hussey*, 5 Paige, 30, is put expressly upon the ground of fraud, in the act of one copartner appointing a trustee to distribute the assets inequitably, and against the known wishes of the other partner present and capable of acting. (*c.*) The cases of *Fisher* v. *Murray*, 1 E. D. Smith, 341, and *Dana, Adm'r*, v. *Lull*, 17 Vermont, are *obiter dicta*, and, besides, do not go beyond the cases mentioned under subdivision *b.*

II. No court has decided, (prior to decision at special term,) in case of insolvency of a copartnership, when the copartner not uniting in the assignment was absent, and could not be consulted, and had expressed no adverse wish, and where there was a liability of the assets to be seized, under legal process, by some creditors to the exclusion of others, that less than the whole of the copartners could not place all the copartnership assets in the hands of a trustee, upon the naked trust, to pay the same to all the creditors rateably.

III. It is respectfully submitted, that from the adjudication cited, (that one copartner has not the power, against the known wishes of his copartner, secretly to convey the assets of a copartnership to a trustee, for the benefit of his favorite creditors, in fraud of the rights of his copartner to have a voice in any unequal distribution,) it does not follow that one copartner has not the power to convey all the assets to a trustee, to be applied equitably and rateably among the creditors, in the absence of a copartner who cannot be consulted, and whose assent to what is so equitable might be

presumed. (Opinion of WHIPPLE, J., *Kirby* v. *Ingersoll*, 1 Doug. (Mich.) Rep. 477.)

IV. The only possible right of the plaintiff which has been in any respect interfered with by this assignment, was his legal right to have joined with his copartners, if they had been willing, in an assignment to a trustee, with preferences to favorite creditors, or to have refused to assign and expose the assets to an indiscriminate scramble among the creditors. (*a.*) By insolvency the copartnership business was wholly suspended, and the copartnership virtually dissolved. (*b.*) A court of equity, on the application of either partner, if the other refused, would appoint a receiver "of the whole property of the copartnership, wresting it from the non-concurring parties, against their will, and placing it in the possession or under the sole control of a trustee, in whose selection they have had no voice." This court has done this thing in this suit.

FOURTH POINT.—To set aside the assignment and appoint a receiver opens the property to the chances of a wasteful race of diligence among eager creditors, and those whose debts are not yet matured will be wholly remediless. This would be inequitable in the highest degree. The appointment of a receiver would not save the property from the rights of judgment creditors.

I. A judgment that requires the payment of money may always be enforced by an execution against the property of the judgment debtors, and the execution to be directed to the proper officer, is a matter of legal right. (2 R. S. 4th ed. p. 611, § 1; Code, § 285.)

II. The officer has the right, and it is his duty to levy upon all such property, and in this case has the right to levy on the partnership assets, as they still belong to the partners.

III. The legal title to the partnership assets remains in the partners, notwithstanding the commencement of this action, and the appointment of a receiver.

1. The creditors of the firm certainly acquire no lien on the property by reason of any thing done between the partners

in this suit, prior to a decree, nor have they any control over the suit.

2. The receiver, before the decree, is a mere custodian of the property for the benefit of the parties to the suit. (*a.*) It is abundantly competent for the parties to the suit, at any time before a decree, to settle the suit and discharge the receiver, taking the property into their own hands. (*b.*) The receiver has no title for the creditors, nor any authority to transfer or sell the property until a decree.

IV. The appointment of the receiver in this action, and the possession by the receiver, do not prevent a levy, for it is no contempt of the court nor interference with its order to make the levy. (*Albany City Bank* v. *Schermerhorn*, 10 Paige, 263.)

V. It has been abundantly decided that the creditors of a partnership have no general lien on the assets, unless the agreement of dissolution, or the decree of the court, creates a lien; and even then it is said to be not a lien of the creditors, but the equities of the partners to have the property applied in payment of the firm debts. No such decree could be made in this action. (*Ex parte Ruffin*, 6 Ves. Jr. 126; *Ex parte Williams*, 11 id. 5.)

VI. The creditors cannot be prevented from pursuing their legal remedies and acquiring liens through judgments and executions, by the commencement of this suit between the partners and the appointment of a receiver in such suit.

1. For the partners have the control of the suit, and the creditors are not parties before decree. (*Innis* v. *Lansing*, 7 Paige, 583.)

2. To say that the receiver's possession prevented the creditors from pursuing their legal remedies, is to give power to partners to put their creditors at defiance. Partners might always, when pressed, contrive a quarrel, and resort to a suit and a receiver.

VII. This form of action between partners is analogous to the old equity action against executors for an account and distribution, and in such case any creditor could always acquire a priority by judgment and execution before decree.

(*Largin* v. *Bowen*, 1 Schoales and Le Froy's Rep. 299; *Thompson* v. *Brown*, 4 Johns. Ch. R. 631, 639, 642, 643, *et seq.*)

1. The case of a partner filing a bill against his copartner for an account and for an equal and rateable distribution of the assets among all the creditors, is not distinguishable in principle from the case of a bill against executors for an account and distribution; and it was always held, in such case, that after a bill filed, and before decree, the executor might confess a judgment which would have priority. (*Smith* v. *Eyles*, 3 Atk. Rep. 385; *Pooney* v. *Phelps*, 10 Vesey, 34; *Thompson* v. *Brown*, 4 Johns. Ch. R. 636.)

VIII. The precise point that the receivership, in a partner's suit, is no bar to a creditor's execution before decree, was decided in *Pratt* v. *Robinson* and in *Waring* v. *Robinson*, 1 Hoff. Ch. Rep. 525; see, also, 2 Duer's Rep. 685.

*Augustus F. Smith*, for the plaintiff, made and argued the following points:

I. One partner has no power to make an assignment appointing a trustee to receive and dispose of the partnership property for the benefit of the creditors.

The cases in this state all (except, perhaps, that in 3 Duer) in one way or another deny this power, though some dicta may be found that intimate that under certain circumstances such a power may be inferred. (*Fisher* v. *Murray*, 1 E. D. Smith, 341; *Havens* v. *Hussey*, 5 Paige, 30; *Denning* v. *Colt*, 3 Sand. S. C. R. 284; *Hayer* v. *Heyer*, id.; *Hitchcock* v. *St. John*, 1 Hoff. Ch. R. 511; Story on Part. § 101, note; 3 Kent, 44, note *b*, ed. 7, 1854; *In re Granger and Comfort*, in this court and in Supreme Court; Burrill on Assignments, 36 to 58.)

II. But if one partner, under any circumstances, can make an assignment, he can only do so when two things concur:

1. There must exist a pressing necessity.

2. The other partner must be so situated by absence or otherwise that he cannot act; and if absent, that absence must be permanent—not temporary—not an absence for a day or

a week—but so absent that he could not be got at when the necessity should arise.

Wetter was on the way home—defendants knew it. He was in fact here nine days after the assignment was made.

There were no suits against defendants, and no necessity whatever existed.

III. There must also be good faith, and the assignment be to a proper person, and no assent can be presumed. Here was neither good faith, nor was the assignment to a proper person. The assignee is a non-resident and a man of no means. (See *Crane* v. *Mitchell*, 1 Sand. Ch. R. 256.) Executors who are non-residents give security. (2 R. S. 70, § 7.) An assignment is fraudulent against creditors, when made to a man of no property. (8 Paige, 417; 1 Barb. S. C. R. 210.)

Besides, this assignment gives a preference, (the expenses of its execution, &c.,) and no such assignment was ever sustained, unless all partners executed it.

IV. The principle upon which an assignment, without preferences, in the absence of one partner is sustained, if it can be sustained at all, is, that the assent of the absent partner may be presumed under the circumstances, to wit, the circumstances of necessity of the particular case.

Certainly, any such presumption is rebutted by showing either—1st. That the absent partner was about to arrive; 2d. That no necessity for an assignment in fact existed; 3d. That the assignee was not such a person as a fair man would select, either because he was insolvent or a non-resident; 4th. Any want of good faith. After the appointment of a receiver, no judgment creditor can interfere with the fund. (*Kutter* v. *Tallis*, 5 Sand. S. C. R. 610.)

HILTON, J.—When a copartnership has become insolvent, no doubt can exist as to the power of a court of equity, upon the application of either partner by a proper complaint, to appoint a receiver to take charge of the partnership assets, and close up its affairs. (Adams' Doctr. of Eq. 241, 243; Story's Eq. Jur. §§ 672, 673; *Law* v. *Ford*, 2 Paige, 310; *Egbert* v.

*Wood*, 5 ib. 517, 525 ; Story on Part. 228, 229 ; *Hitchcock* v. *St. John*, 1 Hoff. 511 ; *Martin* v. *Van Schaick*, 4 Paige, 471.)

The motion, therefore, presents the question, whether the execution and delivery of the assignment, so made by the defendants, Schlieper and Haarhaus, purporting to convey and transfer all the partnership assets to the defendant, Bohnstedt, in trust for the creditors of the firm, can be considered an impediment to the exercise of this power of the court, and prevent its granting the plaintiff the relief he asks ?

During the existence of a partnership, each partner is clothed with and possesses an equal and general power and authority in behalf of the firm to sell, loan, pledge or dispose of its effects and property, in any manner within the objects of the partnership, or necessary or proper in the ordinary prosecution of its business.

By the act of copartnership, each partner has these powers communicated to him ; but they are personal to himself, and cannot be delegated to another, without the assent or concurrence of his copartners. (3 Kent's Com. 40 ; Story on Part., §§ 101, 102 ; Collyer on Part. § 384 ; *Egbert* v. *Wood*, 3 Paige, 517, 525 ; *Havens* v. *Hussey*, 5 ib. 30 ; *Fisher* v. *Murray*, 1 E. D. Smith, 341 ; *Mabbett* v. *White*, 2 Kern. 442.)

No other powers should be implied except such as are sancJioned by the usages of the trade or business in which they may be engaged. (*Hayes* v. *Heyer*, 3 Sand. 297 ; *Hitchcock* v. *St. John*, 1 Hoff. 511 ; *Fisher* v. *Murray*, 1 E. D. Smith, 341, 344.)

Upon these views of the powers of each partner, it has been frequently decided that an assignment made to a trustee, of all the partnership assets for the benefit of the creditors of the firm, but giving preferences to certain creditors over others, is void, unless made with the assent or concurrence of all the copartners, on the ground that authority to make such an instrument is not implied by the act of copartnershp or the copartnership relation, and consequently cannot be inferred or presumed. (*Anderson* v. *Tompkins*, 1 1 Brock., 456 ; *Harrison* v. *Strong*, 5 Cranch, 289 ; *Havens*

v. *Hussey.* , Paige, 30; *Demming* v. *Cobb*, 3 Sandf. 284; *Fisher* v *Murray*, 1 E. D. Smith, 341; *Kemp* v. *Carnley*, 3 Duer, ˝ , *Haggerty* v. *Granger*, 15 How. Pr. R. 243; *Everson* ˝ *Gehrman*, 1 Abbotts' Pr. R. 167; *S. C.* 10 How. Pr. R. 01; *Dana* v. *Lull*, 17 Verm. 390.)

Now, if the power does not exist in any number of partners less than the whole, to make such an assignment, giving preferences, by what process of reasoning can it be determined that any one partner can vest the entire partnership assets in a trustee by an assignment, as in this case, without preferences?

By either assignment, if valid, the whole property of the firm is wrested from the non-concurring partners against their will, placed in the possession and under the sole control of a trustee, in whose selection they have had no voice, the business of the firm wholly suspended, and the copartnership itself virtually dissolved.

A careful examination of the elementary works treating of the law of partnership, and of the decisions cited, fails to show that this power exists in either case.

Courts should not imply authority of this extraordinary character, unless the parties intended to grant it; and it never should be presumed unless the evidence of such intention be express and positive. For the reasons thus briefly stated, I have arrived at the conclusion that the assignment by Schlieper and Haarhaus, without the consent or concurrence of the plaintiff, is absolutely void, and no obstacle in the way of granting the plaintiff the relief sought by him in this action. It therefore follows that a receiver must be appointed of all the property of the partnership of Wetter, Schlieper & Haarhaus, and the injunction now existing continued until final judgment.

A reference to appoint such receiver will be taken to Hamilton W. Robinson, Esq., as referee.

Order of reference to appoint a receiver granted, and injunction continued.