## ROBERT E. KELLY AND OTHERS *v.* DAVID F. BAKER, ADOLPHE REYNAUD AND JULES LIGNOT.

An assignment for the benefit of creditors, with or without preferences, made by one or more members of a firm, without the consent, concurrence, or authority of all, is void.

What constitutes such an authority, considered.

B. and R. were copartners. B., after collecting part of the assets of the firm, absconded, and, by letter, abandoned the remaining assets to R., who executed, in the name of the firm, a general assignment for the benefit of the creditors. *Held*, that such a surrender and abandonment invested R. with power thus to dispose of the partnership property.

Where such an authority can fairly be implied from facts and circumstances, courts of equity will uphold acts done under it.

---

Kelly v. Baker.

---

At Special Term, *September* 25, 1858.

Motion for an injunction and receiver. The plaintiffs were judgment creditors of the firm of Baker & Reynaud, and an execution on their judgment had been duly returned unsatisfied. On a complaint showing these facts, and alleging that Reynaud, without the consent or concurrence of Baker, had, by a general assignment, transferred all the property of the firm to the defendant Lignot, for the benefit of creditors, and without preferences, application was made for a receiver of all the property thus transferred, and an injunction restraining the defendants from interfering with it. The opposing affidavits showed that Baker had departed secretly for California, after having collected a large amount of debts owing to the firm, and leaving, addressed to his partner, the letter set out in the opinion. It further appeared that the firm was largely insolvent, and that the assignment had been made in good faith, for the purpose of securing to the creditors an equal share of the property of the partnership.

*Richard O'Gorman*, for the motion.

*William H. Jansen*, opposed.

BRADY, J.—An assignment for the benefit of creditors, with or without preferences, made by one or more copartners, without the concurrence, consent, or authority of all, is absolutely void; (*Wetter* v. *Schlieper*, 4 E. D. Smith, 707); and in this case, therefore, the only question presented is, whether the copartner making the assignment had authority thereto. On that subject the papers on which this motion is made disclose the following letter from the dissenting partner, written to his associate, and received prior to the assignment:—

*November* 13, 1857.

ADOLPHE REYNAUD, ESQ.:

*Dear Sir*,—I tried in every way to make some arrangements

to prevent the failure of our concern; but, being disappointed in my last hope, I could not bring myself to bear the disgrace of a failure; I became disheartened and in despair, so I concluded to abandon all to you, and try to make a living by seeking my fortune in California, or some other place; and some future day I hope to *return* with sufficient means to pay every debt we owe. Please tell all that we owe that they shall be paid every dollar, with interest. I hope you may get some one to advance means enough to carry on the business prosperously. I have lost, by loaning money on stocks, notes, &c., some $20,000 and upwards I felt as if I did not care to live, after having everything that I had worked hard to accumulate stripped from me. Hoping that you may get along better *without me*, I subscribe myself

Yours, &c.,

D. F. BAKER.

It will be perceived that Mr. Baker "concluded to abandon all" to his copartner, and "to try to make a living by seeking his fortune in California, or some other place." This language imports two operations of the mind—one investing his copartner with the whole of the copartnership effects, and the other a determination to seek a livelihood in a distant place, and to yield all control over the partnership property. The partner, thus invested by the surrender of his associate, had power to dispose of the interest of that associate for the best general interest of both, and having made an assignment for the benefit of creditors, without preference, no abuse of the power has taken place, and the assignment should not be disturbed. See *Kemp* v. *Carnley*, 3 Duer, 1.

Where a power is conferred upon one of several partners to assign the copartnership assets for the benefit of creditors, or such authority can be fairly and justly implied from facts and circumstances, or either, and it be employed as designed, it will not be abrogated by courts of equity. There are, perhaps, in this case, circumstances which contribute much to show an intent on the part of Baker to grant his associate full power and

authority to make a general distribution of the partnership effects; but I deem the letter referred to sufficient to uphold the assignment, and decline to allow the injunction.

Motion denied.