ROBINSON *vs.* GREGORY and others.

Where one of several partners goes abroad, and during his absence an unexpected emergency arises, upon which he cannot be consulted, the resident partners have power to make a general assignment of the individual and partnership effects, in trust for the benefit of creditors.

An assignment thus executed was sustained, where the absent partner, before leaving for Europe, gave to one of his partners a power of attorney, to execute for him all instruments whatsoever, and all and every act and deed of whatsoever name or nature, appertaining to his affairs; and when informed, by letter, that an assignment had been made, and asked to approve and confirm it, the absent partner expressed no disapprobation of the step which had been taken by his copartners; and he did not join in the application to set the assignment aside.

APPEAL, by the defendants, from a judgment entered at a special term. The material facts appear in the opinion of the court.

*By the Court*, ROOSEVELT, P. J. The firm of Kelley, Townsend & Co., bankers and brokers in the city of New York, consisted of the three defendants, Kelley, Townsend and Stephens. On the 6th of January, 1857, their affairs having become embarrassed, and Kelly being absent in Paris, the two resident partners executed a general assignment of the individual and partnership effects, for the benefit of the creditors in the usual order of preference in such cases. One month afterwards, the plaintiffs recovered against the three partners a judgment for $28,592; but as the summons in the action had been served only on the two who were present, the plaintiffs were confined in their remedy to the partnership property of the three, and the individual property of the two who alone were notified. Having failed, in consequence of the previous assignment, to realize any thing under their execution, they file this bill for the purpose of setting aside that impediment, and of thus obtaining, by judicial proceedings, for themselves, a preference, which their debtors had already, by voluntary assignment, granted to others. It is, therefore, on both sides, a contest, not for equality of distribution, but

Robinson *v.* Gregory.

preferential advantage; and the only question for determination is, which has the strict legal right?

There are certain powers of individual partners which admit of no dispute. One partner may make a sale of a portion of the partnership goods for cash, or on credit, or in payment for a partnership debt. And if he may make a transfer direct to the creditor, it would seem to follow that he may make a similar transfer to a third person in trust to sell and pay the debt. But a general assignment, it is said, implies a breaking up of the partnership; and that in such case, where a common trustee is to be appointed, all should be consulted, and if all cannot agree, a receiver should be appointed by a court of justice, subject to the law of equality of distribution applicable to receiverships. That may be, and probably, according to the weight of authority, is the general rule. It has, however, its exceptions. Where one of three partners goes to a distant country, and an unexpected emergency arises in his absence, he cannot be consulted. The partnership property, from necessity, must be disposed of without his express concurrence. He knows that when he leaves, his leaving is the grant of a power by implication to those he leaves behind, to be exercised, of course, reasonably and in good faith. He knows that in case of a stoppage of payment, any creditor, so far as the joint assets are concerned, may sue the absent as well as the present partners, and by the action or inaction of the present partners, obtain in effect an assignment *pro tanto* of the joint effects. Such an assignment, or quasi assignment, is provided for by express statute. And how can the court say that a species of distribution in the case of absentees is unlawful and unjust, when a statute, so far as the principle is involved, in effect enjoins it?

In view of this statute, it will be seen that all the preferred creditors might, like the present plaintiff, have brought their suit, and on the defendants waiving time to plead, there being no defense, have obtained an immediate judgment against the partnership assets. I see no objection to the resident part-

Robinson *v.* Gregory.

ners, in good faith, doing that directly which it is clear they could thus by law accomplish indirectly. There are other grounds also on which the assignment in the present suit may be sustained.

*First.* The partner who alone could call it in question, does not join in the application to set it aside.

*Second.* When informed, by letter of the 10th of January, that the assignment had been made, and furnished at the same time with a list of the preferred creditors, and asked to approve and confirm it, the absent partner, instead of forthwith repudiating the transaction, if dissatisfied, immediately wrote to Mr. Townsend in terms of deep regret at the failure of the house, without uttering a syllable of disapprobation of the step which had been taken by his copartners.

*Third.* Before leaving for Europe, he executed to Mr. Townsend a power of attorney, which, interpreted by the light of surrounding circumstances, was clearly intended to meet every possible emergency; and which, in terms, also expressly authorized Mr. Townsend to execute for him all instruments whatsoever, and all and every act and deed of whatsoever name or nature "appertaining to his affairs."

The judgment appealed from should therefore be overruled, and the plaintiff's complaint dismissed, but without costs.

[NEW YORK GENERAL TERM, May 2, 1859. *Roosevelt, Davies* and *Clerke,* Justices.]