## COOK *a.* KELLY.

*New York Common Pleas; General Term, November*, 1862.

ACKNOWLEDGMENT OF ASSIGNMENT UNDER ACT OF 1860.

Under the act of 1860 (*Laws of* 1860, 594, ch. 348, § 1),—requiring assignments for benefit of creditors to be in writing, and duly *acknowledged* before delivery,— an assignment which is *proved* by a subscribing witness is not effectual.

The statute requires that where several debtors make an assignment, each shall join in the acknowledgment, and in verifying an inventory.

Appeal from an order of the special term.

The plaintiff, John Cook, brought this action as assignee of a partnership, under the firm of Cornell & Conly, to enjoin the defendants, John Kelly and others, from disposing of the as-signed property, and for further relief. He moved, at special term, for an injunction and receiver, but the motion was de-nied, and he now appealed. The decision of the motion is re-ported, 12 *Ante*, 35.

*D. & T. McMahon*, for the appellants.

*G. W. Cotterill* and *Arthur & Gardiner*, for the respondent.

Cook a. Kelly.

By THE COURT.[*]—BRADY, J.—From the opinion of Judge Hilton, delivered at special term (Cook a. Kelly, 12 *Abbotts' Pr.*, 35), in deciding the motion in this case, it appears that the order which he directed to be entered was based upon a fatal defect in the acknowledgment of the assignment. I do not deem it necessary to add any thing to that opinion, so far as relates to any views therein expressed, but to unite to it some suggestions not stated.

The act of 1860 is in derogation of the common law, which did not require that assignments should be either proved or acknowledged. Its provisions require from all the debtors making the assignment an observance of the preliminaries or formulas, not from one of them alone. "Every conveyance made by a debtor or debtors shall be acknowledged." "Every debtor or debtors shall make an inventory." An affidavit shall be made by such debtor or debtors "that the inventory is in all respects true." An assignment for the benefit of creditors must be made by all the parties. (Wetter a. Schlieper, 4 *E. D. Smith*, 707 ; Kelly a. Baker, 2 *Hilt.*, 531.)

An acknowledgment by one would not therefore be binding upon the others. In reference to the assignment, he could not act for his associates without authority, and when the statute requires evidence that they all act in concert, that proof must be given. The language of the statute is clear. It requires from the debtors—not one of them—the performance of certain acts, and creates a duty entirely new. Where a law is plain and unambiguous, whether it be expressed in general or limited terms, the Legislature should be intended to mean what they have plainly expressed, and consequently no room is left for construction. (Fisher a. Bright, 2 *Cranch*, 358, 399 ; *Sedgwick on Stat. and Const. Law*, 231 ; People a. Utica Ins. Co., 15 *Johns.*, 358, 380.) The law requires good faith on the part of the assignors. Their acts in reference to the assigned estate must be free from fraudulent designs ; and to secure that, the Legislature may have considered it better to require the co-operation of all the debtors, if the assignment was made by two or more, in all matters relating to such estate. The identity of the copartners is secured by the acknowledgment, and the truthfulness of

* Present, DALY, F. J., BRADY and HILTON, JJ.

the inventory is established by the concurrent oaths of all the debtors. It may be said that in case of the absence of some of the partners an assignment would be impossible, although it might be just; and admitting it with all its force, the answer is that the defect must be cured by legislation. When an act of the law-makers declares that several parties shall each do a certain thing, the performance of one is not a compliance. I think the language of the statute plain, and the duty of acknowledging the assignment imperative on all the parties.

The order of the special term in favor of the defendants must be affirmed, with $10 costs.