BALDWIN *a.* TYNES.

*Supreme Court, First District; Chambers, January,* 1865.

ACKNOWLEDGMENT OF ASSIGNMENT FOR BENEFIT OF CREDITORS.
—POWER OF PARTNER.

Under the statute of 1860—which requires assignments for benefit of creditors to
be acknowledged—where an assignment is duly executed on the part of a
firm by one of the partners, in their name, an acknowledgment made only, by
the partner thus signing it, is sufficient.

One member of a firm may with the express consent and direction of the other
members, execute a valid assignment of all the firm-property in trust for the
benefit of creditors.*

Motion to dissolve an injunction.

This was a creditor's action brought by Harris M. Baldwin,
Nathaniel Fisher, and Henry Dix, against Julian G. Tynes,
Adolphus D. Smith, and Samuel S. J. Frith, to set aside an
assignment for benefit of creditors made by Julian G. Tynes
and Adolphus D. Smith, composing the firm of Tynes & Smith,
to the defendant, the assignee, Samuel S. J. Frith.

The assignment in question described the assignor Tynes as
the resident partner of the firm at the city of New York, and
the assignor Smith as of the British Province of Prince Ed-
ward's Island. The assignee was a resident of Brooklyn, in this
State.

It recited that the firm had become indebted and were in-
solvent; that the assignor Smith was absent from the city of
New York, and that Tynes desired, and that Smith had con-
sented and directed that all the property of the firm should be
applied to the payment of their debts, &c., in the form and
manner set forth in the assignment, and declared that "the par-
ties of the first part, the said Tynes & Smith, by Julian G.
Tynes, partner present as aforesaid, in the absence of said Adol-

---

* Compare Coope *a.* Bowles, 18 *Ante.*

phus D. Smith, in consideration of the premises," &c., assigned, &c., proceeding in the usual form to transfer their assets, and direct the application thereof.

This assignment was signed by Julian G. Tynes, in the absence of his partner, "Tynes & Smith, by Julian G. Tynes, partner present." The acknowledgment was in this form: "On," &c., "before me came Julian G. Tynes, to me personally known, and known to me to be one of the firm of Tynes & Smith described in, and who executed the above assignment of the said Julian G. Tynes, one of said firm; and he the said Julian G. Tynes acknowledged to me that he executed the said above assignment as the act and deed of said firm."

The plaintiffs having procured an injunction restraining the defendants from interfering with the property, the defendants now moved on affidavits to set aside the injunction.

This motion was founded on the summons and complaint and the assignment therein referred to, &c., and upon affidavits by the assignee and others, the material portions of which were to the effect that the assignee accepted the assignment at the request of both the partners, and upon their representations made to him; that the defendant Smith was the first who expressed to the assignee their intention to make an assignment to him; that Smith arranged the preliminaries of the assignment with the assignee, and left the particulars of information necessary in order to drawing it to be communicated by the defendant Tynes, and appointed a meeting with the assignee and Tynes for executing the assignment; that he left the city without so meeting them, and had telegraphed to Tynes to assign to Frith, and that he would send on the accounts immediately; that since the assignment, the assignee had received letters from Smith, dated at his residence in Prince Edwards Island, and concerning the business of the trusts created by the assignment.

*T. D. Hall*, for the motion.

*Fithian, Clark & Smith*, opposed.

INGRAHAM, J.—The principal objections to the validity of the

assignment, and for which I conclude the injunction was granted, were—

1st. That the assignment was not acknowledged by both partners.

2d. That it was made only by one of the firm.

The assignment purports to be executed by the firm in the name of the firm, and acknowledged by one of the partners as the deed of the firm. This I think was a sufficient acknowledgment by the party executing within the provisions of the statute.

The party who executed, acknowledged it. If the execution is good, the acknowledgment is good also.

2. The assignment. was executed by one partner in the name. of the firm, and with the express assent and direction of his partner.

This made the signature the act of the firm, and the execution of the assignment to be the act of both.

The cause of Wells *a.* Marsh, in Court of Appeals, June, 1864, decides this question.

There one of the partners ran away, leaving a letter to the other partner requesting him to close up the concern. Under this the partner dissolved the partnership, and executed an assignment for the benefit of the creditors.

This was held to be valid, the letter of the absent partner showing his assent to the assignment.

The assignment is valid, and the injunction should be dissolved.