## SUPREME COURT.

### DAVID PALMER agt. JAMES MYERS, and others.

Where one member of a copartnership *absconds* and ceases to act as a member of the firm, it is a sufficient excuse for the execution of a valid *assignment for the benefit of creditors* by the other partners.

Such act of absconding, is an abandonment to the remaining members of the firm of the entire management and disposition of the property belonging to the firm, and vests in them full authority to do what is necessary to pay the debts and wind up the concern.

*New York General Term, February*, 1865.

*Before* INGRAHAM, *P. J.*, CLERKE *and* SUTHERLAND, *Justices.*

THIS action was brought to set aside an assignment for the benefit of creditors, upon the ground that only two of the three partners comprising the firm, actually executed the same, without the assent of the third. Other points were raised upon the trial, but were not presented on this argument. The defendants relied on the defence that the partner who did not sign the instrument, had before its execution, absconded from the city.

Upon the trial they offered to prove such absconding, and that he had executed an assignment in Massachusetts, without the consent of the other members of the firm, and that at the time of making the assignment by the defendants they were unable to procure the signature of said Johnson, the absconding partner. The evidence offered was excluded, and the defendants excepted. Judgment was rendered for the plaintiff.

S. A. FULLER, *for plaintiff.*

C. A. NICHOLS, *for defendants.*

By the court, INGRAHAM, P. J. That an assignment for the benefit of creditors, made by a part of the members of the firm, without the consent of the other member.

where such partner is present, is invalid, has been settled by repeated adjudications. (*Pettee* agt. *Orser*, 6 *Bosw.* 123, *affirmed in Court of Appeals, Dec.* 1863; *Robinson* agt. *Gregory, Court of Appeals, Dec.* 1863; *Wells* agt. *March, et al. Court of Appeals, March,* 1864.) And it is also settled that the mere absence of the partner from the state when the assignment is executed, will not make the transaction valid (*Robinson* agt. *Gregory, supra*).

The reason assigned for these decisions is, that such a transaction breaks up the whole business of the firm, and places the property in the hands of the trustees, through the act of a portion of the members of the firm, when all should be consulted and have an opportunity of taking part therein, and in the selection of the trustees. Even in a case where the transfer was for the purpose of paying a debt, although a majority of the court sustained the transfer by one partner, it was seriously doubted by two of the judges (*Mabbett* agt. *White*, 2 *Kernan*, 442). In the present case, one partner had absconded, and upon the trial the defendants' counsel offered to prove that prior to making the assignment, Johnson, the partner who did not execute the assignment, " had ceased to act as a member of the firm, and he has absconded, and had made fraudulent conveyances of the copartnership property, &c., and that before and at the time of making the assignment, the other partners used diligent efforts to obtain the concurrence of Johnson, but were unable to effect the same, or have any communication with him." This evidence was excluded as immaterial on the objection of the plaintiff's counsel, to which the defendants excepted. The question raised by this exception is, whether the fact that one of the partners has absconded and ceased to act as a member of the firm, is a sufficient excuse for the execution of an assignment by the other partners, so as to sustain such an instrument as a valid transfer of the property of the firm.

The case of *Wells* agt. *March,* in court of appeals, March

term, 1864, above referred to, is somewhat in point.   In that case, the assignment was executed by one partner only, in his own name, and he signed the name of the firm It appeared in evidence that the firm was Nace & Coe; that Nace had taken and used the property of the firm and absconded, leaving a letter addressed to Coe, in which, after admitting his conduct, he said : " Take charge of everything in our business—close it up speedily.   I assign you my interest in the business of Nace & Coe."   This letter and the absconding, was held by the court sufficient to authorise the execution of the assignment by the remaining partner, and the judgment in favor of the defendant was affirmed.

When one of a firm absconds, he abandons the business of the firm, and leaves the management of the affairs of the partnership with those who remain behind, and such should, in my judgment, be construed as vesting in the other members of the firm full authority to manage and settle up the business.   It is, in fact, an abandonment to them of the entire management and disposition of the property belonging to the firm, and vests in them full authority to do what is necessary to pay the debts and wind up the concern.   The letter in the case last referred to, was but an expression in writing, of what was without it the natural consequence of the absconding partner's acts.   This was held in *Kemp* agt. *Canby* (3 *Duer*, *p.* 1), and in *Deckard* agt. *Case* (5 *Watts*, *p.* 22), *Kelly* agt. *Baker* (2 *Hilton*, 531). Where one partner dies, the surviving partners have the control and disposition of the property, and may make an assignment of the property of the firm for the benefit of creditors, without consulting the representatives of the deceased partner (3 *Paige*, 517).   The same rule should be applied to one who abandons the interests of the firm, and absconds to avoid the creditors, or for any other cause, leaving to his partner the control of the business.

The evidence I think was admissible, and the judge erred in excluding it.   A new trial should be granted, costs to abide event.

SUTHERLAND, J., concurred.

———◆◆———

## SUPREME COURT.