Cardozo, J.
I understand the following propositions to be fairly deducible from the authorities:
First. That an assignment of all the property of an insolvent partnership may be valid, although not executed by all the partners, if authority in the partners executing it has either been expressly granted, or may be inferred from circumstances (Trelles v. March, 30 N. Y., 330; Kelly v. Baker, 2 Hilt., 531; Roberts v. Chollar, Gen. T., Com. Pleas, April, 1866).
Second. That such an assignment cannot be sustained where the non-executing partner is present (See cases collected in Palmer v. Myers, 43 Barb., 509, and also Welter v. Schleifer, 4 E. D. Smith, 707).
*287 Third. That mere absence, unaccompanied by any other circumstance, will not imply a power on the partners present to execute such an assignment (Robinson v. Gregory, Court of Appeals, Dec., 1864, cited in Welles v. March, supra).
Fourth. That fraudulently absconding from the country, leaving a letter authorizing the remaining partners to close up the business, and stating that the interests of the absconder was thereby assigned to them, gives power to them to make a general assignment of the partnership effects (Welles v. March, supra; Kelly v. Baker, supra), and also, that such a fraudulent absconding alone, without leaving any communication, has the like effect, and amounts to an abandonment of the management and disposition of the joint property (Palmer v. Myers, supra).
I should, therefore, have no difficulty in deciding the question now presented except for the decisions of this court in Adams, Receiver v. Houghton (General T), from which I dissented, in which it was held that as the statute of 1860, respecting assignments, required that they should be acknowledged by the assignor (Cook v. Kelly, 14 Abb., 466), an assignment could not be executed by an attorney, in fact, in the name, and on behalf of his principal. But, after careful consideration I have concluded that, giving full effect to that decision, as of course, I should and would do, it does not apply to the present case. It should, I think, be applied and only extends to such assignments as cannot be upheld unless executed by all the partners—as in the case of all of them being here, or of mere absence of one of them.
In other words it relates to the form and manner in which the assignment must be executed by those who are necessary parties to it, but does not affect the question of who those necessary parties are.
But the question here is, who are necessary parties to the instrument, and in this and similar cases I think the assignment does not need to be executed by or in the name of the absconder, and is good and effectual, though executed by the parties remaining in charge of the business. If the absconding of a partner only had the effect to give, by implication, a power to his co-partners to act in his name, I should be of - *288 opinion that as the general term had held that an express power was not sufficient to uphold an insolvent assignment, an implied one certainly could not be, and it would present a case where, owing to the misconduct of one of the partners, the firm would be deprived of an advantage which it ordinarily would possess. But the effect of absconding, as will be found by a careful examination of the case mentioned, is, and I think should be, extended. It is to vest in those who remain the right to control and dispose of. the property in their names the same as if the absconding partner had no further interest in it. Their act, though not done in his name, binds him; and an assignment executed by them effectually passes the title of the property of the partnership, although his name is not affixed to it as if signed by an attorney in fact or otherwise. The abandonment authorizes the remaining partners to execute the assignment, and thus executed, it conveys, if the language covers it, the whole partnership property.
If these views be correct, the assignment as executed in this case passed the whole partnership property, and having been duly personally acknowledged by all the parties whose concurrence was necessary, under the circumstances, to transfer the title, it is not amenable to any objection of the character covered by the decision in Adams, Receiver v. Houghton. The ■other point relied upon does not seem to me to require any especial remark. The injunction should be dissolved. The costs may abide the event of the action.