THE NATIONAL BANK OF BALTIMORE *v.* JUSTUS R. SACKETT, *and others.*

A partner who absconds, under circumstances indicating an intention on his part to abandon the business and leave its control and management to the remaining partners, will be deemed to have consented to an assignment of the firm assets by his partners for the benefit of firm creditors; and an assignment so made will be upheld as against judgment creditors of the firm.

APPEAL by the plaintiff from an order made at special term, dissolving a preliminary injunction granted heretofore in this action.

The action was brought against the members of the firm of Sackett, Belcher & Co., and their assignees, to set aside an assignment made for the benefit of creditors, as void, and a preliminary injunction was obtained, restraining the defendants from parting with the property of the firm. From the papers used on the motion for the continuance of the injunction, it appeared that previous to June 4, 1866, the firm of Sackett, Belcher & Co. included among its members one William Swanboro. On that day he absconded with a large portion of the assets of the firm, and had never since been heard from, nor had the remaining members been able to communicate with him. He never had any capital in the firm, but on the contrary, was largely indebted thereto. The remaining members gave notice immediately, by publication, that Swanboro was no longer a member of the firm, and that the business would be conducted by them. On the 8th of October, 1866, the remaining members assigned the partnership property to the defendants Britton & Gerard, in trust for the payment of the firm's debts. The assignment was executed as the act and deed of the firm, and is signed individually and executed individually by every member of the firm, except Swanboro.

The motion for a continuance of the injunction was denied and the injunction dissolved with the following opinion :

CARDOZO, J.—I understand the following propositions to be fairly deducible from the authorities :

1. That an assignment of all the property of an insolvent partnership may be valid, although not executed by all the partners, if authority in the partners executing it has either been expressly granted or may be inferred from circumstances (*Welles* v. *March*, 30 N. Y. 330; *Kelly* v. *Baker*, 2 Hilt. 531; *Roberts* v. *Chollar*, Genl. T. Com. Pleas, April, 1866). *supra* 110

2. That such an assignment cannot be sustained where the non-executing partner is present, see cases collected in *Palmer*

The National Bank of Baltimore v. Sackett.

v. *Myers* (43 Barb. 569), and also *Wetter* v. *Schlifer* (4 E. D. Smith, 707).

3. That mere absence, unaccompanied by any other circumstance, will not imply a power on the partners present to execute such an assignment (*Robinson* v. *Gregory*, Court of Appeals, Dec. 1864, cited in *Welles* v. *March*, *supra*).

4. That fraudulently absconding from the country, leaving a letter authorizing the remaining partners to close up the business, and stating that the interests of the absconder was thereby assigned to them, gives power to them to make a general assignment of the partnership effects (*Welles* v. *March*, *supra*, *Kelly* v. *Baker*, *supra*), and also, that such a fraudulent absconding alone, without leaving any communication, has the like effect, and amounts to an abandonment of the management and disposition of the joint property (*Palmer* v. *Myers*, *supra*).

I should therefore have no difficulty in deciding the question now presented, except for the decision of this court in *Adams* v. *Houghton* (3 Abb. Pr. N. S. 46), from which I dissented, in which it was held that as the statute of 1860, respecting assignments, required that they should be acknowledged by the assignors (*Cook* v. *Kelly*, 14 Abb. 466), an assignment could not be executed by an attorney in fact, in the name and on behalf of his principal. But after careful consideration, I have concluded that, giving full effect to that decision, as of course I should and would do, it does not apply to the present case. It should, I think, be applied, and only extends to such assignments as cannot be upheld unless executed by all the partners—as in the case of all of them being here, or of mere absence of one of them.

In other words, it relates to the form and manner in which the assignment must be executed by those who are necessary parties to it, but does not affect the question of who those necessary parties are. But the question here is, who are necessary parties to the instrument, and in this and similar cases I think the assignment does not need to be executed by or in the name of the absconder, and is good and effectual, though executed by the parties remaining in charge of the business. If

the absconding of a partner only had the effect to give, by implication, a power to his copartners to act in *his* name, I should be of opinion, that as the general term had held that an express power was not sufficient to uphold an insolvent assignment, an implied one certainly could not be, and it would present a case where, owing to the misconduct of one of the partners, the firm would be deprived of an advantage which it ordinarily would possess. But the effect of absconding, as will be found by a careful examination of the cases above mentioned, is, and I think should be extended. It is to vest in those who remain the right to control and dispose of the property in their names, the same as if the absconding partner had no further interest in it. Their act, though not done in his name, binds him; and an assignment executed by them effectually passes the title of the property of the partnership, although his name is not affixed to it, as if signed by an attorney in fact or otherwise. The abandonment authorizes the remaining partners to execute the assignment, and thus executed, it conveys, if the language cover it, the whole partnership property.

If these views be correct, the assignment, as executed in this case, passed the whole partnership property, and having been duly personally acknowledged by all the parties whose concurrence was necessary under the circumstances to transfer the title, it is not amenable to any objection of the character covered by the decision in *Adams* v. *Houghton.*

The other point relied upon does not seem to me to require any especial remark.

The injunction should be dissolved.

The plaintiffs appealed to the general term.

*Fithian, Clark & Smith,* for appellants, cited *Robinson* v. *Gregory* (Court of Appeals, Dec. Term, 1863); *Welles* v. *March* (30 N. Y. 344); *Haggerty* v. *Granger* (15 How. Pr. 244); *Wethe* v. *Schliefer* (15 How. Pr. 268); *Hitchcock* v. *St. John* (1 Hoff. Ch. R. 511); *Pettit* v. *Orsen* (6 Bosw. 123); *Denning* v. *Colt* (3 Sandf. 284); *Cook* v. *Kelly* (14 Abb. Pr. 466); *Adams* v. *Houghton* (3 Abb. Pr. N. S. 46).

*W. J. Osborn*, for respondents Sackett *et al.*

*Thomas C. T. Buckley*, for respondents Britton & Gerard.

I. While it is entirely true that when all the partners are present, all must unite in an assignment, and that since the Act of 1860, all must personally acknowledge the instrument they are required to unite in, yet those decisions have no application to a case of *absconding* by one of the partners.

By such an act, for all purposes of disposition of the firm property, *he ceases to possess any rights ;* the remaining partners are considered in law as the owners, and the only necessary parties to execute or acknowledge the assignment (*Palmer* v. *Myers*, 43 Barb. 512, citing and commenting on *Wells* v. *March*, 30 N. Y. 344; see *Kelly* v. *Baker*, 2 Hilt. 531).

II. If Swansboro was not a necessary party to the assignment in the sense that the remaining partners could not transfer the property without him by an assignment executed by them in the firm name, the statute of 1860 is fully complied with, and this case is not within the decision in *Adams* v. *Houghton.*

By the Court.—Daly, F. J.—The point involved in this case has been decided by the general term of the Supreme Court of this district in *Palmer* v. *Myers* (43 Barb. 509), and was, I think, decided correctly.

The decision of the Court of Appeals in reversing *Robinson* v. *Gregory* (29 Barb. 560), is not reported ; but from what is said respecting that judgment by Justice Wright in *Welles* v. *March* (30 N. Y. 350), it was a very different case from *Palmer* v. *Myers*, or the one now before us. The partner who had not joined in the assignment in that case, had not absconded, but was simply absent when the resident partner here executed the assignment, and Justice Wright, in referring to the facts in that case, says that the absent partner had never, in writing or verbally, assented to the assignment, but on the contrary dissented. Justice Roosevelt, who gave the opinion of the Supreme Court, says that he executed a power of attorney to one of his copartners, which, says the justice, "inter-

preted by the light of surrounding circumstances, was clearly intended to meet every possible emergency." The Court of Appeals, as may be inferred from the statement of Justice Wright, evidently thought otherwise, and did not regard it as conferring any authority to make for him a general assignment of all the funds and effects of the partnership to a trustee for the payment of debts.

In the subsequent case of *Welles* v. *March, supra,* the Court of Appeals upheld the validity of an assignment by one partner where the other had absconded, leaving behind him a letter, clearly conferring authority upon the remaining partner to make such an assignment. It may be extracted from this decision, and that of the Supreme Court in *Palmer* v. *Myers, supra,* that the authority of each partner is limited to transactions within the scope and object of the partnership; that a general assignment of all the partnership effects to a trustee for the benefit of creditors, is the exercise of a power, without the scope and object of the partnership enterprise, being a suspension and dissolution of it; that no such power can be implied from the partnership relation, and consequently where it is exercised without the consent or authority of one of the copartners, the assignment is void, and passes no title; but that such a consent and authority is necessarily implied where the partner absconds, under circumstances indicating clearly an intention on his part to abandon the business to the remaining partners, and leave the exclusive control and management of it entirely thereafter to them.

In this present case, the partner absconded, taking with him a large portion of the assets of the firm, in which, in fact, he had no capital, but to which, he was, at the time, indebted; and he has never since been heard from. By this wrongful and dishonest act, he himself put an end to the firm, and the act was one clearly implying his consent to the disposition which his partners subsequently made of the remaining effects for the benefit of creditors.

The order dissolving the injunction should be affirmed.

Order affirmed.