## NEW YORK COMMON PLEAS.

JOHN E. DARROW, Receiver, &c. agt. RICHARD I. BRUFF,
and others.

A general *assignment for the benefit of creditors*, of a limited partnership, executed
   and acknowledged by the *resident partner* in person, for himself, for the firm and as
   the attorney in fact of the *non resident partners*, is sufficiently executed.
Non resident members of a firm are not necessarily included in the statutory
   requirement of a personal execution and acknowledgment by each of the
   assignors.

*Special Term, December*, 1868.

THE plaintiff as a receiver, appointed in supplementary
proceedings, filed a bill to set aside the general assignment
of a special partnership, upon the single ground that it was
not executed and acknowledged by all of the general part-
ners in person, before delivery to the assignee.   One of
the partners resided in New York, and the other two in
New Orleans.   The remaining facts are sufficiently stated in
the opinion.

WILLIAM H. DICKINSON, *for plaintiff.*
AUGUSTUS F. SMITH, *for defendant.*

BARRETT, J.   The instrument in question was the gen-
eral assignment of a special or limited partnership.   It was
acknowledged by the resident partner in person, for himself,
for the firm, and as the attorney, in fact, of the non-resident
partners, who promptly ratified his acts.   It is, therefore,
distinguishable from *Adams* agt. *Houghton* (3 *Abb. N. S.* 46),
which was a case of an assignment by resident debtors ex-
clusively.   That case went far enough, and I entirely con-
concur in Judge BRADY's intimation that non-resident mem-
bers of a firm are not necessarily included in the statutory

Darrow agt. Bruff.

requirement of a personal execution and acknowledgment by each of the assignors. The legislature could never have contemplated nor intended that the property of an embarrassed or insolvent firm should be left to be scrambled for in a creditors' race of diligence, and to be sacrificed upon the first-acquired executions, while the assignment is traveling, perhaps thousands of miles, for the signature and acknowledgment of a single non-resident partner. Such a construction would be especially unreasonable in the case of a limited partnership, where equality in the distribution of the assets is one of the duties imposed upon the partners. It would be a most inharmonious state of the law, were the practical working of the equality so prescribed made to effect a complete inversion of the intention. I am therefore of opinion that the assignment in question is valid and that the complaint should be dismissed with costs.