SIEGFRIED LOWENSTEIN AND OTHERS, APPELLANTS, *v.* AUGUST FLAURAUD AND OTHERS, RESPONDENTS.

*General assignment — power of one partner to make — Acknowledgment by attorney under chap. 348 of 1860.*

Although one partner cannot, by virtue of his authority as such, make a general assignment of the effects of the firm for the benefit of creditors, yet he may make such assignment when authorized so to do by the other partner, and such authority may be implied from circumstances, or from the acts of the other partner.

Where a general assignment is executed by an agent, by virtue of a power of attorney, his acknowledgment thereof is a sufficient compliance with chapter 348 of 1860, requiring every assignment to be in writing, and duly acknowledged.

APPEAL from an order of the Special Term denying a motion to continue an injunction and for the appointment of a receiver.

The plaintiffs brought this action, as judgment creditors of the firm of Flauraud & Son, to set aside an assignment made by it to the defendant Salmon, on the ground that the same is an impediment to the collection of the execution issued on the judgment.

*Rastus S. Ransom,* for the appellant. The assignment was not executed and acknowledged as required by section 1 of chapter 348 of 1860. (*Cook* v. *Kelley,* 14 Abb., 466; *Adams* v. *Haughton,* 3 id. [N. S.], 46; *Treadwell* v. *Sackett et al.*; 50 Barb., 440; *Fairchild* v. *Gwynne,* 16 Abb., 23; *Hardman* v. *Brown,* 39 N. Y., 196; *Britton* v. *Lorentz,* 45 id., 51.) The assignment is void, because it is of partnership property, and although executed by one partner, under the facts disclosed, he had no power in law to execute a valid assignment. (30 N. Y., 344; 19 Abb., 32; 28 Barb., 593; 3 Sand., 284; 8 Bos., 495; 1 E. D. S., 341; 4 Sand., 707; 2 Hill, 531; 15 How., 243; 18 Abb., 442.)

*Albt. Cardozo,* for the respondent.

DAVIS, P. J.:

It is well settled in this State that one copartner cannot, by virtue of his power as such partner, make an assignment of the copartnership effects to a trustee for the benefit of the creditors of the firm (*Welles* v. *March,* 30 N. Y., 344; *Robinson* v. *Gregory,* cited in opinion of WRIGHT, J., in *Welles* v. *March*), but one copartner can make such an assignment with the authority of the other partner or partners; and such authority may be implied from circumstances or acts of the partner, or partners, not joining in the execution of the assignment. In *Welles* v. *March,* one of the partners left the city of New York, leaving a letter to his partner in which he said: " I hereby assign you my interest in the business of Welles & Co., and Nace & Reigniers; take charge of every thing in our business; close it up speedily." This was held by the Court of Appeals sufficient to confer upon the remaining partner authority to execute an assignment on behalf of the firm, and the assignment was upheld. In *National Bank* v. *Sackett* (2 Daly, 397), one of several partners had absconded, and the court held that the act of absconding and leaving the business in the possession of his copart-

ners, was one clearly implying his consent to the disposition which his partners subsequently made of the remaining effects. In *Palmer* v. *Myers* (43 Barb., 509), it was held that the absconding of a partner implies the power to remaining partners to make a general assignment. In *Baldwin* v. *Tynes* (19 Abb. Pr., 32), where one partner had left the city and telegraphed to his copartner to make an assignment, the court held the assignment made by his copartner good.

In *Darrow* v. *Bruff* (36 How. Pr., 479), it was held that an assignment executed by a resident partner in person, and the attorney in fact for a non-resident partner was valid. It necessarily follows, that if the assignment be valid when made by one partner under an implied authority, it certainly must be so when made by express authority. In this case the partnership was composed of Auguste Flauraud and Eugene Flauraud, under the name of Flauraud & Son, carrying on business in the city of New York. Eugene Flauraud left New York for Paris, before the making of the assignment. The firm was then under some embarassment, and before his departure, Eugene who, was the son of the other partner, in substance authorized his father to make any disposition of the assets and property of the firm, for the benefit of its creditors, that he might deem proper, and he also left a power of attorney bearing date the third of October, and duly executed and acknowledged, by which he constituted and appointed Waltham Metz his attorney in fact, with power to sign and execute all papers and instruments in connection with the business of Flauraud & Son, and especially to sign, seal, execute and acknowledge and join with his copartner in signing, sealing, executing and acknowledging any transfer, assignment or general assignment for the benefit of the creditors, of his interests in the property and assets of the said firm of A. Flauraud & Son. This instrument was very broad in its language and scope, and gave, so far as it could lawfully be done, every power requisite to the execution of a general assignment. On the eighth of November following, the assignment in question was made. It was executed by Auguste Flauraud and duly acknowledged; it was also duly executed in the name of Eugene Flauraud by Waltham Metz, his attorney in fact. It appears that Auguste Flauraud immediately telegraphed to his son in Paris that the assignment had been made, and received in reply a letter recognizing the assignment.

We think there can be no doubt that the assignment is made under these circumstances a valid one; both upon the ground that it was made by one partner with the consent of the other, and also that it was duly executed by the absent partner through and by an attorney in fact. The question is made that the acknowledgment of the assignment was not in conformity to the requirements of the act of 1860 (Laws of 1860 chap. 348). That act requires that such an assignment shall be in writing, and shall be duly acknowledged by an officer entitled to take acknowledgments of deeds, and that the certificate of the acknowledgment shall be duly indorsed upon the instruments, before the delivery thereof to the assignee or assignees therein named. It was held in *Hardmann* v. *Bowen* (39 N. Y., 196), that the acknowledgment required by the statute must be made before the title to the assigned property will become vested in the assignees, and it is therefore claimed that the acknowledgment in this case, so far as it relates to Eugene Flauraud, was invalid, because made by his attorney in fact, who executed the assignment in his name. We think there are two answers to this objection: First, that the instrument having been executed and acknowledged in due form by Auguste Flauraud, with the assent and authority of his copartner, was a valid assignment of the partnership effects, for the benefit of the creditors, independently of the execution thereof by the other partner; and, second, we are of opinion that the assignment having been executed by Eugene Flauraud by his attorney in fact, acting under a power of attorney which had been duly executed and acknowledged by him, the acknowledgment made by the attorney in fact was sufficient under the requirements of the statute. The statute does not say, in express terms, that the assignment shall in all cases be acknowledged by the assignor himself, but simply that it be duly acknowledged before an officer authorized to take acknowledgments of deeds; and it is an established principle of law that where power to execute a deed or other instrument is conferred upon an attorney in fact, by an instrument duly acknowledged, such an attorney may perform every act requisite to make the instrument valid and effective for the purpose for which it is made. We fail to see any good reason for saying that the instrument in this case was not duly acknowledged within the meaning of the act of 1860.

But it is insisted that the assignment is invalid, because by force of the general bankruptcy laws of the United States all State insolvent laws are suspended, and any assignment under such State law is absolutely void. This position is answered by *Thrasher* v. *Bentley* (59 N. Y., 649), where it was held directly to the contrary.

In this case, it does not appear that any proceedings in bankruptcy have been taken for the purpose of avoiding the assignment, and, therefore, we regard the case as one entirely unaffected by the general bankruptcy law of the United States.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order affirmed, with ten dollars costs and disbursements.