Daniels, J.
The plaintiff and the defendant, Charles Jaburg were engaged in business as co-partners. The plaintiff attended to the business in the city of New York and Jaburg traveled about the country obtaining orders for it. The plaintiff was placed in the Bloomingdale asylum as an insane person on the 13th of may, 1887. and discharged on the 8th of June of the same year. His partner returned to the city of New York and finding the affairs of his business to be such in his judgment as to justify the act, he on the 14th of May, 1887, made a general assignment for the benefit of creditors to the other defendant in the action. Two or three days preceding the assignment, and while he states *248 he did not consider it to be necessary, he delivered to the assignee goods of the partnership amounting in value to the sum of $1,500 in payment of his own individual indebtedness and which after the assignment, it is stated to have been agreed should by means of their procéeds be added to the assigned property.
The court considering this assignment to be either fraudulent or made without authority, and the disagreement of the partners ■ to be such as to require that to be done, appointed a receiver of the partnership effects.
The assignment made by the partner Jaburg without the authority or concurrence of the plaintiff who was his co-partner was not justified under the circumstances.
There appears to be no reason for believing that the insanity with which the plaintiff at the time was affected would be more than temporary in its continuance, and upon that circumstance the co-partner was clearly not authorized to make a general assignment of the goods and effects of the firm for the benefit of creditors. Where that has been permitted to be done by one partner the other has been shown to have either absconded or left the business of the firm subject to the control of his co-partner, or to have given him some direct authority including that act or the other partner has been deceased. Welles v. March, 30 N. Y., 344; Palmer v. Myers., 43 Barb., 509; Williams v. Whedon, 39 Hun, 95.
Neither these authorities nor any other referred to in their consideration of the law. proceeds so far as to empower one partner to make a general assignment, where his co-partner may be only temporarily disabled by illness as was the fact in this instance. There was no probability after what had transpired that the partnership business could be managed and settled amicably by the parties, themselves, and the person to whom the assignment was made was shown not to have been acquainted with the business and to be insolvent, having a large judgment against him shortly before the execution and delivery of the assignment.
The order which was made appears to have been right and it should be affirmed, with ten dollars costs and the disbursements.
Van Brunt, P. J., and Brady, J., concur.