HALL
v.
WHEELER.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

*J. Baker* and *S. Judah*, for the appellants.

*M. C. Hunter, I. S. Hunter, E. Dumont,* and *O. B. Torbet,* for the appellee.

---

HALL and Others *v.* WHEELER.

A voluntary assignment contained this clause: "4th. To pay such other debts as we may hereafter specify, out of any surplus which may be left, after paying all the claims and debts in this deed of assignment first described." *Held,* that this provision did not render the assignment void, *per se.*

Whether or not there has been a delivery of possession under an assignment, is a question for the jury.

To constitute such delivery, a removal of the goods from the building in which they were assigned, is not necessary.

And it is not necessary that the assignor should be permanently excluded from the possession. He might act as the agent of the assignee. The circumstance would not be conclusive of fraud.

APPEAL from the *Vanderburgh* Court of Common *Friday,*
Pleas.                                                    *December 9.*

PERKINS, J.—About the first of *December,* 1857, *Woolsey* and *Nelson* made a voluntary assignment of their property, fairly valued at about 2,600 dollars, to *Horatio Q. Wheeler,* in trust to pay certain preferred debts amounting to about 2,500 dollars.

About the middle of *December,* 1857, *Gass & Co.* recovered a judgment against *Woolsey* and *Nelson,* caused execution to be issued upon it, and the goods assigned to *Wheeler* to be seized, as the property of *Woolsey* and *Nelson* to satisfy it.

*Wheeler* brought an action to recover possession of the

Nov. Term, 1859.

HALL
v.
WHEELER.

goods. Issues were formed in the case, tried by a jury, and *Wheeler* recovered the goods.

The appellants insist that the assignment was void upon its face, because it contained this clause:

"4. To pay such other debts as we may hereafter specify, out of any surplus which may be left after paying all the claims and debts in this deed of assignment first described."

We do not think this provision made the assignment void *per se*. Ind. Dig. 144. See, as to voluntary assignments hereafter, Acts of 1859, p. 239.

It is further insisted that the assignment was void, because the deed of assignment was not recorded, and possession of the property assigned delivered. The deed does not appear to have been recorded; but whether there was a *bona fide* delivery of possession or not, was a question properly left to the jury, and they found that there was such.

There is some evidence tending to support the finding, and we cannot disturb the judgment of the Court below in refusing to set the finding aside.

It was not necessary that there should be a removal of the goods from the building in which they were at the time of assignment, to constitute a delivery of possession. The delivery might be made in that building. Burr. on Assign. 327.

So, it was not necessary that the assignors should be permanently excluded from the possession. They might be permitted to act as the agents of the assignee. The circumstance might excite suspicion, but not conclusively prove fraud. It would be a question of notoriety and good faith. Burr. on Assign., *supra*.

*Per Curiam.*—The judgment is affirmed with costs.

*J. J. Chandler* and *J. B. Hynes*, for the appellants.

*A. L. Robinson*, for the appellee.