## PRICE, Assignee, v. PARKER.

1. ASSIGNMENT: INVENTORY. The failure by an assignee to file an inventory for record, as required by the first section of the act of 1857, relating to assignments, does not render the assignment void.

2. ASSENT OF CREDITORS. The assent of creditors to a general and unconditional assignment of the property of a debtor is presumed.

3. ACCEPTANCE OF TRUST BY AN ASSIGNEE. Entering into the possession of property assigned, by the assignee, operates as an acceptance of the trust; and he may thereafter and before the filing of an inventory or bond, bring an action of replevin for the recovery of the same.

*Appeal from Delaware District Court*

SATURDAY, OCTOBER 6.

REPLEVIN by the assignee of E. C. & C. Harding, claiming certain personal property levied upon by the defendant, as sheriff, to satisfy the debts of said assignors. Trial, verdict and judgment for plaintiff, in each case, and defendant appeals.

*House, Brayton & Wattson* for the appellants.

The substantial questions involved in the case, are:

I. Had the plaintiff a right, as assignee, to bring the suit at the time he did so?

II. Was the assignment shown by the evidence, void; or, was there any evidence tending to show that this ought to have been passed on by the jury?

*J. H. Peters* for the appellee. (No brief by counsel for appellee was found on the files of the court.)

WRIGHT, J.—I. The assignment was not void for want of the inventory required by the 1st section of the act of 1857. The 8th section of said act expressly declares that no assignment shall be declared fraudulent or void for want of such list. (Page 432.) This being the unequivocal declaration of the statute where there is an entire failure to annex an inventory, there would of course be much less

ground for claiming that the assignment was fraudulent, where, as in this case, the instrument was made and acknowledged and filed for record, with full notice to the officer before the levy, and an inventory made out and sworn to in due form and recorded afterwards.

II. Without quoting from the deed of assignment at length, we need only say that we understand it to be a general assignment of the property of the debtors, who were insolvent or believed themselves to be so, that it was designed to transfer all their property to the assignee, and as such the assent of the creditors will be presumed. The assignment was not partial nor conditional, but general and unconditional.

III. The deed of assignment was made on the 7th of December, 1857, and filed for record at seven o'clock and thirty minutes, A. M. The assignee immediately took possession, and proceeded to make the inventory, in connection with the assignors, which was subsequently completed and filed for record. At nine o'clock, A. M., the sheriff levied upon the property in dispute, and upon the same day this suit was instituted. On the 19th day of the same month the assignee made his bond, which was filed and approved on the 24th by the Clerk of the proper court.

The court instructed the jury, that if the assignee took possession of the goods it was evidence of an acceptance of the trust, and that he might bring this action without filing an inventory or bond. This instruction we think is fully warranted by the case of *Petrikin* v. *Davis*, Morris 296; *Meeker* v. *Saunders*, 6 Iowa 61; *Savery* v. *Spaulding*, 8 Ib. 239; *Drain* v. *Meckel*, Ib 438; Section 12 Act of 1857, page 443. This section gives the assignee twenty days after the assignment within which to give bond.

IV. How far the transactions on the part of the Hardings prior to and on the day of the assignment went to effect the *bona fide* character thereof, was properly left as a question of fact, under the evidence offered and instructions given to the jury.

Judgment affirmed.