## AMERICAN & CO. v. FRANK ET AL.

1. **Assignment for Benefit of Creditors**: TIME OF DELIVERING AND FILING DEED: PRESUMPTION. Where it becomes material to determine whether a deed of assignment was delivered prior to the levy of an attachment, it may be presumed, in the absence of any showing to the contrary, that the deed was delivered to the assignee thirty seconds before he caused it to be filed for record in the recorder's office.

2. ———: DELIVERY OF DEED: WHAT CONSTITUTES: PROPERTY PASSES WITH DELIVERY: RECORDING. Where the assignors duly executed and acknowledged the deed of assignment, and the assignee accepted the trust, and directed the attorney of the assignors to do whatever was necessary to perfect the assignment, *held* that this constituted a delivery of the deed to the assignee, and carried with it the title to the property; and the fact that the deed was not filed for record by the attorney until after the levy of an attachment upon the property, did not give priority to the attachment—the provision for the recording of the assignment being intended, not for the benefit of existing creditors, but for the protection of subsequent purchasers.

*Appeal from Polk Circuit Court.*

THURSDAY, DECEMBER 6.

THE plaintiff commenced an action against the defendants, and caused to be attached a certain stock of goods. Ben Cohen intervened in the action, and claimed that he was entitled to the possession of the attached property, under a general assignment of Frank and Son for the benefit of creditors. The cause was tried to the court, and judgment was rendered in favor of the intervenor. The plaintiff appeals.

*Brown & Dudley* and *John Mitchell*, for appellant.

*Callander & Smith* and *Macy & Sweeney*, for appellee.

DAY, CH. J.—The court found the facts of the case to be as follows: "1. That the assignee, at the request of Frank & Son, consented to accept the trust between seven and eight o'clock A. M., November 7, 1881.

"2. That Frank & Son, in contemplation of insolvency, duly executed and acknowledged a general assignment for the benefit of all their creditors, after eight and before nine o'clock A. M. of said day.

"3. That said assignment was filed for record by the attorney of Frank & Son, on the direction of the assignee to do whatever was necessary to perfect the assignment, at fifty-three minutes after nine o'clock A. M. of said day, and so indorsed by the recorder.

"4. That an attachment against the property of Frank & Son, in favor of Goldsmith & Co., was placed in the sheriff's hands at forty minutes after eight A. M., and levied at nine A. M. of said day on the stock of merchandise, subject to an execution in favor of I. Sheffell, and an attachment in favor of Swiskey, then in the sheriff's hands.

"5. That the plaintiff's attorney examined the records and the files of the recorder's office, and, finding no assignment, immediately thereafter, to-wit, at fifty-two and one-half minutes after nine A. M. of said day, placed plaintiff's writ of attachment in the hands of the sheriff, with direction to levy the same on the property of Frank & Son; whereupon the sheriff indorsed upon said writ: 'This writ came into my hands for service on the seventh day of November, 1881, at the hour of nine o'clock and fifty-two and one-half minutes A. M.

'A. D. LITTLETON, *Sheriff.*'

"That afterwards return was made on said writ by Ed. L. Smith, deputy sheriff, who was not present at or for more than one hour after its delivery to the sheriff, as follows: 'Received annexed writ of attachment November 7, 1881, at fifty-two and one-half minutes, nine o'clock A. M., and on same day at same time I have levied upon and attached the following property'—describing the stock of merchandise."

Under the facts found, the court properly held that the assignee was entitled to the possession of the property. The assignment was duly executed and acknowledged, and the assignee consented to accept the trust before the attachment was

levied. The attorney of Frank and Son was directed to do whatever was necessary to perfect the assignment, and under this direction he filed it for record thirty seconds after the writ of attachment was placed in the hands of the sheriff. In the absence of testimony or finding to the contrary, it may be presumed that the attorney of Frank & Son received the deed with this direction more than thirty seconds before he deposited it in the recorder's office to be filed for record, and hence that he so received it before the attachment was levied. The delivery of the assignment to the attorney with this direction operated, in effect, as a delivery to the assignee.

The fact that the assignment was not filed for record until thirty seconds after the levy of the attachment, is not material. The assent of creditors to a general and unconditional assignment of the property of the debtor is presumed. Code, § 2116; *Price v. Parker*, 11 Iowa, 144.

After such assignment, made in good faith, one creditor cannot obtain precedence by the levy of an attachment. The provision as to recording the assignment is intended for the protection of subsequent purchasers. See *Hall et al. v. Wheeler*, 13 Ind., 371; *Fiske v. Carr*, 20 Me., 301.

AFFIRMED.