FERMAN S. WINN, Respondent, v. James B. MADDEN, Appellant.

Kansas City Court of Appeals, June 8, 1885.

1. ASSIGNMENTS—REQUIREMENTS OF STATUTE AS TO FILING DEED, MAKING INVENTORY AND GIVING BOND—CASE ADJUDGED.—Where an assignment was made in good faith, and duly acknowledged, and the assignee accepted the trust by joining in the deed and by taking immediate and exclusive possession of the store and stock, and locked it up several days while taking an inventory, and posted a written notice on the store door, signed by him as assignee, and after completing his inventory, filed the deed of assignment, and the inventory, and his bond ; and on the same day of said filing, and a few hours before it was filed for record, an execution was levied on a judgment rendered by a justice of the peace on the day before said filing, by a party who-knew of the assignment before obtaining the judgment. *Held*, that as to this creditor the title vested in the assignee prior to the filing of the deed, giving bond, making inventory, etc., the deed is good, though unrecorded as against parties with notice of its existence. The neglect or delay of the assignee in complying with the provisions of the assignment law ought not to affect the creditors under the assignment. Following *Hardcastle v. Fisher*, 24 Mo. 70.

2. ———— STATUTORY REQUIREMENTS CONSIDERED AS CONDITIONS SUBSEQUENT.—Even in the case of statutes of assignments requiring inventories, descriptions, bonds, etc., to be made and filed "before the assignee thereof shall be entitled to take possession, sell, or in any way, manage or control any property," yet, the courts hold, even in such cases, that "the filing of the schedule and giving bond by the assignee, as required by the statute, are *conditions subsequent* and not precedent to the vesting of the title to the property in·him. It vests in him on the execution and delivery of the deed by the assignor, and can not be defeated by an execution against the assignor coming to the hands of an officer, *after the delivery* of the deed, and before the filing of the schedule and bond ; and in case of such levy, the assignee may, after filing the schedule and bond, maintain replevin against him for the goods." *Clayton v. Johnson*, 36 Arkansas 406 ; *Price v. Parker*, 11 Iowa 144 ; *Wright v. Thomas* (Indiana) 1 Fed. Rep. 716.

APPEAL from Buchanan Circuit Court, HON. JOSEPH P. GRUBB, J.

*Affirmed.*

The facts sufficiently appear in the opinion of the court.

JAMES P. THOMAS, for the appellant.

I. The secondary evidence of the alleged notice should not have been admitted, especially after the supposed notice was voluntarily destroyed previously by assignee. 2 Phil. Evid. (5th Am. Ed.) side p. 516, top p. 434.

II. The judgment of the justice is not a nullity and can not be impeached in a collateral proceeding. Therefore, the court erred in excluding it when offered by appellant. Sect. 3011, Rev. Stat. Mo., 1879; *Caldwell v. Fea*, 54 Mo. 55; *Holtzhom v. Meer*, 59 Mo. 434; *Davis v. Kline*, 76 Mo. 310.

III. The title to the assigned property was not passed until the deed of assignment was filed for record. Sect. 354, Rev. Stat. Mo., 1879; Burrill on Assignments, sects. 252, 296, and 297; *Strong v. Carrier*, 17 Conn. 319; *Guilford v. Childs*, 22 Pick. 434; *Hughes v. Ellison*, 5 Mo. 463; *Crow v. Ruby*, 5 Mo. 484. It makes no difference that creditor had notice of the assignment. *Claflin v. Rosenberg*, 42 Mo. 349; *Walter v. Cranch*, 8 B. Monroe 12. The trust must be accepted, and that acceptance must be signified before the rights of creditors attach. Merely signing the deed, if the deed is withheld from record, is not an acceptance of the trust. Burrill on Assignments, sects. 265–296; *Crosby v. Hillyer*, 24 Wend. 280; *King v. Donnelly*, 5 Paige 46.

IV. *Section 2505*, Revised Statutes, Missouri, 1879, governs assignments for the benefit of creditors. Stat. Fraud Cont. There must be such a *change of possession* as is observable without inquiry, such as will apprise the community that the goods have changed hands, and that title has passed to assignee. Burrill on Assignments, sects. 272, 273, 274; *Kuykendall v. McDonald*, 15 Mo. 416; *Brooks v. Wimer*, 20 Mo. 503; *Hatcher v. Winter*, 71 Mo. 35; *Claflin v. Rosenberg*, 42 Mo. 449; 2 Kent's Com. 529, note *e*; Bump on Fraud, Con. 132, 136, 174; *Bishop v. O'Connell*, 56 Mo. 168; *Wright v. McCormick*, 67 Mo.

426. A temporary change of possession is not sufficient, especially where delivery is merely symbolical as by delivering the key. Bump on Fraud Con., 210–212. There was no change of possession in this case. *Peck v. Whiting,* 21 Conn. 211; *Beer's Executors v. Lyon,* 21 Conn. 614.

RAMEY & BROWN, for the respondent.

I. The right to make an assignment for the benefit of creditors exists independently of any statute. *Brashear v. West,* 7 Peters 608; *Gates v. Lebaume,* 19 Mo. 17; *Hardcastle v. Fisher,* 24 Mo. 70.

II. This assignment was operative from the moment of its delivery, not only as to the parties to it, but against the whole world, unless some provision of the statute prevents its taking effect until it is recorded. The statute does require it to be "acknowledged and recorded as in cases where real estate is conveyed" (section 354, Revised Statutes, Missouri, 1879) but there is no provision making the deed void if this is not done. It is a duty imposed on the assignee. No act or omission of his can defeat the rights of creditors for whom he becomes trustee by accepting. *Hardcastle v. Fisher,* 24 Mo. 70. And a preference of creditors would not make the assignment void; so as to failure to record. *Crow v. Beardsley,* 68 Mo. 435. The statute of conveyances provides that "all deeds or other conveyances of land, or any estate or interest therein * * * shall be acknowledged or proved and certified in the manner herein prescribed." Sect. 674, Rev. Stat. Mo., 1879. This provision is in the same form and certainly as mandatory in its nature as the one under consideration. Yet it is valid between the parties and those having notice, though not acknowledged. *Harrington v. Fortner,* 58 Mo. 468; *Black v. Gregg,* 58 Mo. 565. The same statute requires such instruments to be recorded, and if not, shall be void, except as to parties and those having actual notice thereof; yet, even this does not avoid the deed as to creditors. *Davis v. Ownsby,* 14 Mo. 170; *Stillwell v. McDonald,* 39

Mo. 282; *Potter v. McDowell*, 43 Mo. 93; *Black v. Long*, 60 Mo. 181.

III. The statutes referred to in Connecticut, Mississippi, Virginia, and Pennsylvania are materially different from ours declaring the *deed void* unless recorded within the prescribed time. The cases cited by appellant are, therefore, irrelevant.

IV. There can be no question that the assignee took possession of the goods assigned. He took the keys, closed the door, and spent days in taking the inventory. He determined to sell them, the goods, at retail, and employed the assignor, as clerk, which was competent to be done and judicious. *Hardcastle v. Fisher*, 24 Mo. 70.

V. In no case is the delivery of goods necessary to the validity of a statutory assignment. A consideration and delivery of the writing is all that is necessary to pass title. Benjamin on Sales, p. 5; *Patrick v. Keeler*, 49 Mo. 548.

Opinion by Ellison, J.

This is an action of replevin, plaintiff claiming under an assignment, and defendant, as constable, under an execution. The evidence shows that Saunders & Harman made an assignment in good faith to plaintiff, on October 18, 1881, by deed duly acknowledged; plaintiff accepting the trust by joining in the deed and by taking exclusive possession of the store and stock, locking it up for several days while taking an inventory, and posting a written notice on the store door. That he executed his bond on October 25, 1881, and filed his deed of assignment on October 26, 1881, at 5 o'clock p. m.

The evidence further shows defendant to be a constable who levied upon the goods on the afternoon of the 26th, a few hours before the deed of assignment was filed for record. That this execution was issued on a judgment against Saunders & Harman, rendered by a justice of the peace on the day before the levy. That the attorney for the plaintiff in the execution knew of the assignment and had read the deed before obtaining the judgment.

The principal question here is, whether the title vested in the assignee prior to the filing the deed for record, giving bond, making inventory, etc. We are of the opinion it did. The requirement to file the deed for record is in about the same language as is the statute in case of ordinary deeds to land.

In the latter case the deed, though unrecorded, is good, against parties with notice of its existence. Here, though the levy was prior to the filing, yet, the deed of assignment was delivered before the execution was issued, and the plaintiffs in that execution were fully advised of the deed and of all which had occurred under it.

The neglect of the assignee to comply with the provisions of the assignment law ought not to affect the creditors under the assignment. *Hardcastle v. Fisher*, 24 Mo. 70.

The authorities cited by appellant which hold that the provisions of the statute shall be complied with, before the assignment takes effect, are controlled by statutes making that requirement. *Clayton v. Johnson* (36 Arkansas 406), is a well considered case, and though the statute of that state requires inventories, descriptions, bonds, etc., to be made and filed "before the assignee thereof shall be entitled to take possession, sell, or in any way manage or control any property," yet the court in that case holds, "the filing of the schedule and giving bond by the assignee, as required by the statute, are conditions subsequent and not precedent to the vesting of the title to the property in him. It vests in him on the execution and delivery of the deed by the assignor, and can not be defeated by an execution against the assignor coming to the hands of an officer, after the delivery of the deed, and before the filing of the schedule and bond in the probate court; and if the officer levy such execution on the goods, the assignee may, after filing the schedule and bond, maintain replevin against him for the goods."

Under an Iowa statute, allowing twenty days after the assignment in which to give bond, an execution was levied after the assignment and before the bond, it was

held the assignee could maintain replevin against the sheriff. *Price v. Parker*, 11 Iowa 144.

The failure of the trustee to take the oath required by statute will not invalidate the assignment in Indiana. *Wright v. Thomas*, 1 Fed. Rep. 716.

Even conceding section 2505, Revised Statutes, 1879, as to fraudulent conveyances, applies to assignments, which we do not believe, the evidence shows sufficient change of possession under that statute. The mere fact of afterwards hiring one of the assignors to assist in sales "where the whole law has been complied with, there is nothing to prevent the employment of the vendor to render services in and about the property in the same manner as any other agent or employe." *Claflin v. Rosenberg*, 42 Mo. 450. There were some other exceptions, an examination of which shows not to be tenable.

The judgment is affirmed. The others concur.