Singer & Co. v. Armstrong.

2. ——: ——: mistake in decree.

---

SINGER & CO. v. ARMSTRONG (AND SCHAUPP, Intervenor.)

1. Assignment for Benefit of Creditors : ACCEPTANCE OF TRUST AND DELIVERY OF DEED. Before the deed of assignment herein was executed, the person named as assignee had orally agreed with the assignor's brother to act as assignee in case an assignment should be made. The deed was afterwards made and placed in the hands of K., whom the assignor and his brother had requested to act for the assignee, who was absent. K. filed the deed for record, and afterwards an attachment was levied on the property. *Held* that the deed was delivered and the trust accepted prior to the attachment. (Compare *American v. Frank*, 62 Iowa, 202.)

2. ——: VALIDITY: EVIDENCE. Where the claim was made that an assignment for the benefit of creditors was void because certain property was withheld from the assignment, evidence tending to show that such property did not belong to the assignor was properly admitted.

3. ——: EVIDENCE. The acceptance of an assignment having been shown by oral testimony, the assignment itself was admissible in evidence.

*Appeal from Hamilton District Court.*—HON. S. M. WEAVER, Judge.

FILED, MAY 14, 1889.

THIS is an action at law to recover six hundred and forty dollars, aided by an attachment levied upon the

defendant's property at 10:15 o'clock p. m., July 20, 1887. Intervenor claims the property by virtue of an alleged general assignment to him as assignee for the benefit of the defendant's creditors, filed for record at 5:50 o'clock p. m., on the same day. The case was submitted to the court without a jury. The court found for the intervenor, and entered judgment accordingly, to which the plaintiff excepts, and from which he appeals. The facts appear in the opinion.

*Martin & Wambach,* for appellant.

*Kamrar & Boeye,* for appellee.

GIVEN, C. J.—I. The first question presented in the record is whether the assignment had been so

1. ASSIGNMENT for benefit of creditors: acceptance of trust and delivery of deed.

accepted that it took effect before the levying of the attachment. The testimony shows that before the execution of the assignment at Webster City the defendant telephoned his brother, L. E. Armstrong, at Fort Dodge, to come to Webster City; that, before leaving Fort Dodge, L. E. Armstrong saw the intervenor, and informed him that defendant anticipated trouble, and might have to appoint an assignee, and asked him if he would act if he was appointed, to which intervenor replied that he would, and to go ahead and do what was necessary and call on him when wanted; that witness so informed his brother, after arriving at Webster City, and the assignment was executed and delivered to Mr. Kamrar, to be filed, and was filed for record, the defendant and his brother having asked Kamrar to act for Schaupp. On the next day—July 21—intervenor accepted the assignment in writing. These facts bring the case within the rule announced in *American v. Frank,* 62 Iowa, 202. There was no error, therefore, in overruling the plaintiff's motion to strike from the petition of intervention the allegations that intervenor had consented to accept said trust orally, nor in admitting evidence offered to show such acceptance.

II.  The court admitted in evidence, over plaintiff's objection, certain written contracts between L. C. and

2. —: validity: A. J. Armstrong for the sale of goods on
evidence. commission, and evidence in relation to the merchandise so held, and as to the ownership of two certain certificates of deposit.  The plaintiff claims that the assignment is void because the assignor withheld from the assignment said certificates of deposit.  The certificates of deposit were not included in the assignment, but were claimed to be the property of L. E. Armstrong.  There was no error in admitting this testimony as it went directly to the ownership of the property claimed to have been withheld from the assignment.

III.  The evidence of the oral acceptance of the

3. —: evidence. assignment being admissible, there was no error in admitting the assignment itself in evidence.

IV.  The assignment coming within the rule announced in *American v. Frank, supra*, and the testimony objected to having been properly admitted, we think the state of the testimony was such that this court should not reverse the conclusions of the trial court in finding the intervenor entitled to the attached property, and in rendering judgment therefor.

AFFIRMED.