THE BLANK & BROTHER CANDY COMPANY, Appellant,
v. WALKER & BROWNFIELD, Defendants; W. W.
VASSE, Interpleader, Respondent.

Kansas City Court of Appeals, November 9, 1891.

Assignments: PARTNERSHIP: DEED OF ONE PARTNER FOR THE FIRM.
One partner, by the direction and consent of the other, can, in the
name and on behalf of the firm, make a valid deed of assignment
for the benefit of the firm creditors.

*Appeal from the Randolph Circuit Court.* — HON.
JOHN A. HOCKADAY, Judge.

AFFIRMED.

*Willard P. Cave* and *Martin & Terrill*, for
plaintiff.

(1) The court erred in permitting defendants,
J. F. Walker and J. H. Brownfield, to testify to parol
authority said to be given by defendant Walker to
defendant Brownfield to make a general assignment of
all the firm assets for the benefit of creditors, as such
authority should have been given by proper instrument
under seal and duly acknowledged. R. S. 1889, sec. 424.
(2) The court erred in permitting defendant, J. H.
Brownfield, to testify, over plaintiff's objection, to what
his partner, J. F. Walker, said to him relative to his,
Brownfield's, making an assignment of all the firm
assets for the benefit of creditors. (3) One partner has
no power to make a general assignment of the partner-
ship effects for the benefit of the creditors of the firm.
*Hook v. Stone*, 34 Mo. 329; *Shattuck v. Chandler*, 40
Kan. 516. (4) The court erred in admitting in evi-
dence the instrument, dated January 3, 1890, executed
by defendant Brownfield, alone purporting to convey

all the firm assets to Vasse, the interpleader, for the benefit of creditors. R. S. 1889, sec. 424 ; Burrill on Assignments [4 Ed.] p. 362.

*B. S. Head*, for respondent.

( 1 ) The assignment made by defendant Brownfield on January 3, 1890, for the firm of Walker & Brownfield, to respondent, W. W. Vasse, for the benefit of all the creditors of said firm, is in every respect valid, and was '' proved or acknowledged, and certified and recorded in the same manner as is prescribed by law in cases wherein real estate is conveyed.'' R. S. 1889, sec. 424. ( 2 ) One member of a firm, without the consent of the other members, has no power to make a general assignment of the partnership effects for the benefit of the creditors of the firm ; but he may do so, if he has the consent of his partners and the assets are all personal property, as is the case at bar ; and no special formalities are required in the giving or manifestation of such consent. It may be given by words spoken, or by letter sent by mail, or otherwise. 58 Mo. 532 ; *Ely v. Hair*, 16 B. Mon. ( Ky.) 230 ; *Welles v. March*, 30 N. Y. 344 ; *Baldwin v. Lyons*, 19 Abb. Pr. ( N.Y.) 32.

GILL, J.—This is a contest over the title of a grocery stock at Moberly. It arises out of the following state of facts : Defendants Walker & Brownfield had two grocery stores, one at Moberly, and one at Leesburg, seventeen miles from Moberly. Walker resided, and managed the business, at Leesburg, while Brownfield lived, and had charge of the store, at Moberly. Before the occurrences here related, however, the store at Leesburg was closed out by the firm. On January 3, 1890, Brownfield, claiming to act for and in behalf of his firm executed and acknowledged, in the firm-name, a deed of assignment to interpleader Vasse ; the instrument purporting to convey the entire personal assets of the partnership for the benefit of the firm creditors.

While Walker did not join in the execution of the deed of assignment, the evidence shows beyond dispute that he authorized Brownfield to make the assignment for the firm. The authority is shown to have been given by Walker to Brownfield in this manner: Only a few days before the execution of the assignment Brownfield went to Walker at Leesburg, and after consulting over the financial condition of the Moberly store, Walker advised an assignment, and instructed Brownfield to return to Moberly and make an assignment for the firm for the benefit of all the creditors alike. Thereupon Brownfield, in the name of the firm, made the assignment in question.

A few days thereafter (to-wit, January 11, 1890) these plaintiffs sued the firm of Walker & Brownfield in attachment and levied upon the goods assigned, and which were then in the assignee Vasse's possession. In due time Vasse, the assignee, interpleaded for the goods. The issues were tried before the court, without a jury, who found for the interpleader, and from a judgment thereon plaintiffs have appealed.

I. The single question is here presented. Is the deed of assignment made by Brownfield, signed and acknowledged by him for the firm of Walker & Brownfield, a valid conveyance, such as places the ownership of this personal property in Vasse, the interpleader. The circuit court trying this cause held in the affirmative. We are of the same opinion, and shall affirm the judgment.

On the question of whether or not a deed of assignment conveying the entire personal assets of a copartnership for the benefit of all the partnership creditors is valid, unless signed and acknowledged by all the partners, there has been much contrariety of opinion. Some courts have decided the one way, others the contrary. Some have said that the execution of such a conveyance was within the scope of agency and power resting with the individual member or members of the

firm.    While other courts have denied any such author-
ity.    It will serve no useful purpose in this case to review
these authorities.    The various rulings have been faith-
fully and industriously collated by Mr. Burrill in his
work on assignments.    Burrill on Assignments [5 Ed.]
pp. 107-131, and numerous cases there cited.    The
supreme court of this state has adopted the negative of
this general proposition, and holds that one partner is
not empowered, by virtue of the copartnership rela-
tions, to make a general assignment of the partnership
effects, so as to bind the other.    *Hughes v. Ellison*, 5
Mo. 463; *Hook v. Stone*, 34 Mo. 329.

While our supreme court has denied this authority
as implied by force of the partnership relation, it has
*not* been decided by it that a deed of assignment made
by one partner for the firm *with the express assent and
direction* of the other members would be invalid.    This
exact condition of things has not, that I am aware of,
ever been presented for decision to the appellate
courts of this state.    But wherever presented and
decided in other courts the holding is quite uniform
that one partner may, with the consent of his associate,
make a valid deed of assignment.    Burrill on Assign-
ments, pp. 107, 126; *Wells v. March*, 30 N. Y. 344;
*Baldwin v. Tyne*, 19 Abb. Pr. 32; *Shattuck v. Chand-
ler*, 40 Kan. 516; *Ely v. Hair*, 16 B. Monroe (Ky.) 230.
The case at bar comes clearly within the rule announced
in these authorities.    Brownfield was authorized and
directed by his copartner Walker to make this deed
of assignment for the firm.    Walker cannot dispute its
validity, nor can these creditors who stand in his shoes.
*Ely v. Hair, supra*, p. 238.    Judgment affirmed.    All
concur.