Rock Island Plow Co. v. Lang & Gray.

_____

Rock Island Plow Company, Appellant, v. Lang & Gray, Defendants; C. Fink, Interpleader and Respondent.

Kansas City Court of Appeals, December 4, 1893.

1. **Assignment:** PARTNERS MAY MAKE: WHO OBJECT. Though one partner is not authorized, by virtue of the partnership relation alone, to make a voluntary assignment for the firm, yet he may do so with the express assent and direction of the other members; and the other partners alone have the right to complain of such assignment, and not firm creditors.

2. ———: FILING OF DEED: ATTACHMENT. A plaintiff in an attachment instituted and tried after the execution and delivery of the deed of assignment and the possession of the assignee thereunder, but before it is filed for record, does not acquire a right superior to the assignee.

3. ———: FRAUD: ESTOPPEL. The evidence in this case shows no fraud on the part of assignor or assignee, and there is no estoppel in the case, since none is pleaded.

*Appeal from the Carroll Circuit Court.*—Hon. E. J. Broadus, Judge.

Affirmed.

*Lozier & Morris* for appellants.

(1) The evidence was sufficient to justify a submission of the question of fraud to the jury. If the assignee participated in the fraud, then the assignment was void. Prior and subsequent illegal actions of the parties to the deed of assignment are proper to be submitted to the jury as evidence of the fraudulent intent of the parties at the date of the assignment. *State to use, etc. v. Benoist*, 37 Mo. 501, 514; *Goodwin v. Kerr*, 80 Mo. 276; *Adler v. Lang*, 21 Mo. App. 516; *Hazell v. Bank*, 95 Mo. 60; *Hatcher v. Winters*, 71 Mo. 30; *State to use, etc. v. Adler*, 97 Mo. 413; *Crow v. Beardsley*, 68 Mo. 345; *Gates v. Lebeaume*, 19 Mo. 25; *Wise v. Wimer*, 23 Mo. 273; *Reed v. Pelletier*, 28 Mo. 173; *State to use v. Patrick*, 49 Mo. 548. (2) One partner cannot make a valid assignment of partnership property without the express direction, assent and authority of the other. No such authority can be implied from the partnership relation. That Lang had such authority from Gray, nowhere satisfactorily appears from the evidence. His communication with his partner tends to prove that he had no such authority. A subsequent ratification cannot relate back so as to interfere with intervening leins. Burrill on Assignment, secs. 79, 84, 87, 89, 244; *Drake v. Rogers*, 6 Mo. 317; *Hughes v. Ellison*, 5 Mo. 463; *Hook v. Stone*, 34 Mo. 329; *Candy Co. v. Walker*, 46 Mo. App. 482; *Wilcox v. Jackson*, 7 Col. 521; *Loeb v. Pierpoint*, 58 Iowa, 469; *Stein v. Ladow*, 13 Minn. 412; *Dunklin v. Kimbell*, 50 Ala. 251; *Shattock v. Chandler*, 40 Kan. 516; *Collier v. Hannah*, 71 Ind. 253; 1 Bates on Partnership, secs. 338, 339; 1 American and English Encyclopedia of Law, p. 847, *et seq*; vol. 17, p. 1045, 1047, 1048, and cases cited. (3) The title to the assigned property did not pass nor the

beneficial interest of creditors attach until the deed of assignment was filed in the recorder's office. Revised Statutes, 1889, sec. 424; Marks Appeal, 85 Pa. St. 239; *Rendleman v. Willard,* 15 Mo. App. 375; *Hughes v. Ellison,* 5 Mo. 484; *Chalfin v. Rosenberg,* 42 Mo. 349; *Strong v. Carrier,* 17 Conn. 319; Burrill on Assignment, secs. 252, 296, 297, and pp. 381, 382, 383 and 389. (4) The assignment was not made nor accepted in good faith. Immediate possession must follow a deed of assignment. Possession by the assignor after assignment will render it void as to attaching creditors. Merely signed the deed, if the deed is withheld from the record, is not accepting the trust. There must be a *bona fide* delivery and such change of possession as is observable without inquiry and such as will apprise the community that a change has taken place. Burrill on Assignments, sec. 265, 268, 270, 273, 277, 280, 296 and 400; *Woolson v. Pipher,* 100 Ind. 306; *Crosby v. Hillyer,* 4 Wend. 280; *Kuykendall v. McDonald,* 15 Mo. 416; *Brooks v. Wimer,* 20 Mo. 503; *Hatcher v. Winter,* 71 Mo. 35; *Bishop v. O'Connell,* 56 Mo. 168; *Wright v. McCormick,* 67 Mo. 426; 2 Kent's Commentaries, 529, note *e*; Bump on Fraudulent Conveyances, 210, 212, 132, 136, 174. (5) Interpleader, by his own action, is estopped from setting up any claim, as against plaintiff, to attached property. To the sheriff, before the levy, he disclaimed any interest in the whole transaction, and by word and action invited the plaintiff to make the levy. He cannot be permitted now to set up a claim inconsistent with his claims made before the levy. 3 Bigelow on Estoppel, 484; *Guffey v. O'Reiley,* 88 Mo. 418; *Taylor v. Elliott,* 3 Mo. 172; *Rice v. Bunce,* 49 Mo. 231; *Lawrence v. Owens,* 39 Mo. App. 318; *Olden v. Hendricks,* 100 Mo. 533.

*S. J. Jones* and *J. L. Minnis* for respondent.

(1) The action of the court below in taking the case from the jury was proper. Under the evidence in this case it would have been the plain duty of the trial court, had the jury on the proof found for the plaintiff, to have awarded a new trial. In such a case it is the duty of the trial court to decline to submit the cause to the judgment of the jury. *Hausmann v. Hope*, 20 Mo. App. 193; *Jackson et al. v. Hardin et al.* 83 Mo. 175; *Landis v. Hamilton*, 77 Mo. 554. (2) There was no evidence, whatever, showing or tending to show that Lang and Gray or either of them had any fraudulent purpose in making the assignment, or that Fink had any connection with, knowledge or information of, any fraudulent purpose of assignors, if any there was. *State ex rel. Levi v. Alder*, 97 Mo. 413; *Hausmann v. Hope, supra; Crow v. Beardly*, 68 Mo. 435. (3) The assignment being free from fraud in its inception, no subsequent acts or declarations made by the parties thereto will invalidate it. *Douglass v. Cissna*, 17 Mo. App. 44; *Winn v. Madden*, 18 Mo. App. 261; *Goodwin v. Kerr*, 80 Mo. 276; *Bascom v. Rainwater*, 30 Mo. App. 483. (4) The assignee's possession of the goods at the time of the levy was presumptive evidence of title which was not rebutted by plaintiff. *Vogel v. City of St. Louis*, 13 Mo. App. 116; *State ex rel. v. Hope*, 88 Mo. 430; *Miller v. Marks*, 20 Mo. App. 369; *Phillips v. Shall*, 21 Mo. App. 38. (5) Appellant cannot question Lang's authority to make the assignment on behalf of his firm; his copartner, Gray, is the only one who could raise that issue. *Eppright v. Nickerson*, 78 Mo. 482; *Chew v. Ellingwood*, 86 Mo. 273; *Descombes v. Woods*, 91 Mo. 202; *Hughes v. Ellison*, 5 Mo. 463; *Drake v. Rogers*, 6 Mo. 317; *Hutchinson v. Green*, 91 Mo. 376. Lang's testimony that he had special authority from

Gray to make the assignment is clear and undoubted. *The Blank & Bro. Candy Co. v. Walker,* 46 Mo. App. 482. (6) The beneficial interest in the property assigned passed to, and vested in, the creditors, on delivery of the deed of assignment. Plaintiff had notice of the assignment before its suit was brought. That the deed was not recorded before the levy was made, makes no difference. *Winn v. Madden, supra; Rosenthal v. Frank,* 37 Mo. App. 272. (7) The assignee expressly accepted the trust and covenanted "to faithfully perform the duties of assignee" by signing the deed. *Roberts v. Moseley,* 51 Mo. 282; *Rindleman v. Willard,* 15 Mo. App. 375, at p. 381. (8) Facts relied upon as an estoppel *in pais* must be specially pleaded. And as plaintiff did not set up in its answer the alleged facts relied upon as an estoppel they will not here be considered. *Miller v Anderson,* 19 Mo. App. 71, at p. 75; *Bray v. Marshall,* 75 Mo. 327; *Noble v. Blount,* 77 Mo. 235, at p. 242.

GILL, J.—On April 16, 1892, the plaintiff plow company commenced an attachment suit against its debtors, Lang & Gray, and had the sheriff levy on a stock of hardware and farming implements at the town of Hale in Carroll county. In due season respondent Fink interpleaded, claiming the goods by virtue of a deed of assignment made and delivered to him by Lang & Gray April 15, the day preceding the attachment. On trial of this issue between the plow company and Fink, the alleged assignee, the jury under a peremptory instruction from the court found for the interpleader, and from a judgment in accordance with the verdict the plaintiff has appealed.

I. It will be seen from the foregoing brief statement that this controversy is between the plaintiff, attaching creditor, and the interpleader, who claims the

goods under a voluntary assignment executed in point of time prior to the attachment. At the time the sheriff seized the goods the store and its contents were in the exclusive possession of the assignee.

Plaintiffs attacks the assignment, *first*, because it was in fact only executed by Lang, one of the alleged assignors—that Gray, the other partner, did not join in the instrument. This objection is fully met by the showing that Lang, in making the assignment for and in behalf of the firm, acted with full authority from Gray. It seems that Lang lived at Hale, where the firm did business; that Gray resided at St. Charles, Missouri, and that before making the deed of assignment the two partners consulted over the condition of the firm's business and Lang was unquestionably authorized by Gray to make the deed of assignment for the firm. Under the authority, then, of *Blank & Bro. Candy Co. v. Walker*, 46 Mo. App. 482, the assignment was valid. We there held, that, though one partner was not authorized, by virtue of the copartnership relation alone, to make a voluntary assignment for the firm, yet he might do so with the express assent and direction of the other members. More than this, it seems that the plaintiff cannot object to this alleged want of authority in Lang to make the assignment for the firm of Lang & Gray. So long as Gray does not object, creditors have no right to complain. This seems to have been the ruling of the supreme court in *Eppright v. Nickerson*, 78 Mo. 482.

The further point is made that, as the attachment was levied before the deed of assignment was filed for record in the recorder's office, the title had not passed to the interpleader, and that, therefore, plaintiff has a superior right to the assignee. This point, too, must be ruled against the plaintiff. The evidence discloses that the deed of assignment was duly executed on the

morning of April 15, was delivered to Fink the assignee the afternoon of that day; that he, after affixing his signature and thereby manifesting his acceptance of the trust, went into immediate possession of the stock closed the store and posted a notice on the door—and of all this the plaintiff had full knowledge before suing out the attachment. The assignment then was, as to such creditor with knowledge of the facts complete, and the title as to it was in the assignee. It was so ruled by this court in *Winn v. Madden*, 18 Mo. App. 261.

The further assault made on this assignment because of fraud, we consider without any merit. The only basis for this charge which we can discover from reading the testimony comes from the vacillating conduct of Lang, the assignor, when, at the request of the assignee, he went to Carrollton to place the deed of assignment on record. It seems that after executing the deed and placing Fink in possession of the store, Lang, at Fink's request, went to the county seat to file the instrument in the proper office. On arriving there he was by plaintiff's agent inveigled into some delay; was induced to consider the propriety of making a deed of trust, etc., so that about twenty-four hours was passed before the deed was deposited for record. In the meantime plaintiff's agent took advantage of the delay and sued out the attachment. There was not in all Lang's conduct anything which tended even to show that he was contemplating any fraud or advantage over his creditors. The delay, under the circumstances, all came from suggestions of plaintiff's agent, who was striving apparently to secure an advantage over the other creditors. It was Lang's desire, clearly, to save his property for the joint benefit of all creditors and not permit it to go to the exclusive use of one. In this the law will protect his acts.

Neither was there any conduct on the part of the assignee that should estop him in making a claim to these goods. The sheriff was not induced to act, or to forego action, because of anything said to him by Fink when he went to Hale to attach the goods. Besides, this is not a question in the case, for the reason that no estoppel was pleaded.

In our opinion there was nothing at the trial that even tended to overthrow this assignment; the court properly directed a verdict for interpleader, and its judgment is therefore affirmed. All concur.