KANSAS MOLINE PLOW COMPANY, Respondent, v. CECIL WAYLAND et al., Appellants.

Kansas City Court of Appeals, October 30, 1899.

1. **Sales:** FRAUD: TITLE: ASSIGNEE FOR CREDITORS: REPLEVIN.  Where a sale is procured by fraud the vendee takes no title and can pass none to an assignee for the benefit of his creditors, and replevin will lie by the vendor against such assignee.

2. ———: ELECTION OF REMEDIES: ESTOPPEL: PLEADING.  Where a sale is void for fraud in its procurement, the vendor may rescind and replevy the goods or he may affirm and sue for the debt. Where he replevies, whether he may subsequently sue on the debt, *quaere* but such subsequent suit to constitute a defense to the prior replevin action by way of estoppel, must be specially pleaded and can not be shown under the general issue as it arose subsequent to the prior action.

3. **Replevin:** PARTIES: ASSIGNOR AND ASSIGNEE.  In an action of replevin against a vendee's assignee to recover goods fraudulently sold, the vendee is an improper party and no judgment can be rendered against him.

Appeal from the Chariton Circuit Court.—*Hon. J. P. Butler*, Judge.

REVERSED AND AMENDED.

*C. C. Hammond* and *A. W. Mullins* for appellants.

(1)   The plaintiff, the vendor of the goods, having elected to have its claims, to the extent of $483.50, against Allen for the part of the goods in question allowed by the assignee, Wayland, and having received from him as assignee

a dividend of 15 per cent thereon, its right to reclaim said goods by replevin, or otherwise, was extinguished and gone. Plaintiff could not pursue both remedies.    Morris v. Rexford, 18 N. Y. 552; 22 Central Law Journal, p. 537; Allen v. Ford, 19 Pick. 217; Cobbey on Replevin, sec. 262; Cahn v. Reid, 18 Mo. App. 115; Nanson v. Jacob, 93 Mo. 331, 345. (2)    The allowance of plaintiff's claims against the assigned estate by Wayland, the assignee, was a judgment in plaintiff's favor.    "This adjudication was a judgment *in rem*, definitely fixing the status of plaintiff toward the property assigned." Eppright v. Kauffman, 90 Mo. 27; Nanson v. Jacob, 93 Mo. 331; Glass Co. v. Baldwin, 27 Mo. App. 55, 56; Cody v. Vaughan, 53 Mo. App. 173; Boiler Works Co. v. Haydock, 59 Mo. App. 653; Kendrick v. Mfg. Co., 60 Mo. App. 22; Slate Co. v. Cornice & Iron Co., 62 Mo. App. 569.    (3) The judgment in this case as against the defendant Allen is wholly without evidence to support it.    He had assigned the property in question to Wayland for the benefit of his, Allen's, creditors, and Wayland had the actual, sole and exclusive possession of it when the action was commenced and when the property was taken by the sheriff under the order of delivery and turned over to the plaintiff.    Woolner v. Levy, 48 Mo. App. 469.    And the judgment on its face is erroneous. There is a finding in favor of the defendant Wayland as to the three plows, of the value of $29.10, but no judgment given him therefor.    Dilworth v. McKelvy, 30 Mo. 149; Gregory v. Tavenner, 38 Mo. App. 627; Lewis v. Mason, 94 Mo. 551.

*Miller Bros.* for respondents.

(1)    Even the refusal of a proper declaration of law will not necessarily be reasonable error.    Cook v. Farrah, 105 Mo. 492.    (2)    If the defendant, Allen, was insolvent on the day that he purchased these goods, then no title passed, has been decided by this court time and again.    Buggy Co.

v. Hord, 65 Mo. App. 44. (3) The evidence in this case shows clearly that the judgment is for the right party, and if slight error was made in the refusal of instruction number 3, asked by the defendant, the cause having been tried by the court sitting as a jury, it would not be constituted reversible error, although the instruction in itself was proper. (4) The judgment of the circuit court ordered plaintiff to return to defendant specific goods to the amount of $29.07. He required no further judgment, and plaintiff can either return these goods or pay their assessed value to defendant.

SMITH, P. J.—This is an action of replevin in which plaintiff had judgment and defendants appealed. The case disclosed by the record is something like this:

The plaintiff is a business corporation engaged in the manufacture of agricultural implements and the defendant Allen was a retail dealer in such implements in this state. The plaintiff sold said Allen the implements which were taken under the writ. Two sales were made by plaintiff to Allen— one on November 16, 1894, and another on June 12, 1895. Several notes were taken for the purchase price of the implements so sold. A contract was entered into between plaintiff and Allen at the time of the sale, by the terms of which it was provided that the sales should be upon the condition that the implements so sold should remain the property of plaintiff until final payment in full was made therefor.

On January 2, 1896, Allen made a general assignment, under the statute, to the other defendant. At that time he owed the plaintiff eight notes aggregating in amount about $1,934.58. One of these amounted to $673.71. Included in the assignment were the goods which were taken under the writ from the possession of the assignee a few days after the execution of the same. The plaintiff's evidence tended to show that the replevied goods were those for which the note for $673.71 was given, while that of the defendants

was to the contrary. The plaintiff had all of the notes except that for $673.71 allowed by the assignee and on which allowances a dividend of 15 per cent was paid by him.

At the trial of this case the plaintiff proved that at the time of filing the notes for $1,260.87 before the assignee it offered to surrender the note for $673.71, and to credit the value of the goods taken in replevin in the same. The plaintiff also offered to return the last named note and to cancel the same. It further appeared from the evidence that the said Allen, at the time he gave the orders to plaintiff for the goods therein specified, was insolvent and did not intend to pay for the same. This was practically undisputed. The case was tried by the court without the intervention of a jury. The plaintiff asked no instructions but the defendants asked six, all of which were given except the third.

It goes without saying that if the sale of the goods were procured from plaintiff by the fraud of Allen, and that in consequence thereof no title passed to him, the assignee stood in a situation not different from him in respect to such goods. Gregory v. Tavenner, 38 Mo. App. 628; Dilworth v. McKelvy, 30 Mo. 149. If Allen bought the goods without intending to pay for them, then no title passed to him which he could pass to his statutory assignee. Reid v. Lloyd, 52 Mo. App. 278. Such goods in the possession of the assignee were as subject to be taken by plaintiff in replevin as if they had remained in the possession of Allen, the vendee. Cobbey on Replevin, sections 262, 263. It can make no difference whether all the goods taken under the writ were obtained by Allen from plaintiff on the first or second order, or, that part of them were obtained on one order and a part under the other, since it indubitably appears that neither sale was effectual to pass the title to the vendee on account of the presence therein of the vitiating element of fraud. Under the evidence the court might well have found that no title to the goods passed to the vendee at either sale and that therefore all

or any part of them were subject to be retaken by the vendor out of the possession of the assignee.

But the defendants complain of the action of the court in refusing to consider the case on the theory presented by the third instruction, which was, in effect, that if certain specified articles of property described in the petition and taken under the writ were sold for prices mentioned in the contracts on the terms that the purchase price should become due January 1, 1896, but to bear interest as to some of said articles from September 1, 1895, and as to all others from October 1, 1895; and that about June 12, 1895, said Allen executed to plaintiff notes for and including the purchase price of said articles, in accordance with the terms of said purchase thereof, and that plaintiff presented said notes to the assignee and the same were allowed, and a dividend of 15 per cent paid thereon, and that this was done since this action was brought, then the finding should be for defendant Wayland, the assignee. In other words, the theory of this instruction is that if the plaintiff brought this action, though it involved a disaffirmance of the sale of the goods referred to, and afterwards obtained from the assignee an allowance or judgment on the notes, thereby affirming such sale, the plaintiff is estopped to prosecute this action. The plaintiff exercised its right of election of remedies by preferring and adopting that in replevin to retake the goods and thereby disaffirm the sale. The allowances of the notes heretofore referred to were made after the institution of this suit. There was evidence adduced that some of the allowed notes were given for the purchase price of part of the goods taken under the writ. After the allowances were made the plaintiff was paid a dividend thereon; and the question now raised is, can the plaintiff have both judgments or is it estopped by its action in obtaining the allowance, and receiving the dividend thereon, to prosecute the inconsistent remedy afforded by this action?

The doctrine of election which presents the assertion of repugnant rights is but an extension of the law of equitable estoppel. Fox v. Windes, 127 Mo. 502. In Lapp v. Ryan, 23 Mo. App. 436, which case was approved in Johnson-Brinkman Com. Co. v. Railway, 126 Mo. 344, it was said that, a vendor can not "at one and the same time sue for the purchase money, attaching the goods as the property of the vendee for the debt due to him from the vendee, which included the purchase money for the identical goods, and maintain an action of replevin for the goods. In this case the very least that can be said is, that the plaintiffs were bound to stand or fall upon the state of facts existing at the time when the replevin suit was brought. And when this suit was brought, they were prosecuting a suit against their vendee, through whom the defendant in this action claims, for the purchase money of these very goods, and they were holding the levy of an attachment upon them in the same suit. By these acts they had estopped themselves from rescinding the sale and claiming these goods as their own." We do not doubt that under the law as it has been declared in this state in Nanson v. Jacob, 93 Mo. 331; Com. Co. v. Railway, *supra*; and Lapp v. Ryan, *supra*, that the assignee could have successfully defended against the allowance of the notes had he chosen to have done so, but having omitted to do that, can he invoke the doctrine of estoppel to defeat the plaintiff's action to retake the goods or any part of them?

But since the defendant did not plead the defense of estoppel, was it in a situation to require a consideration of the case by the court on that theory? In Young v. Glascock, 79 Mo. 574, it was said, "in the action of replevin, as in that of ejectment, when the pleading on the part of the plaintiff is a general averment of ownership of the property, and the consequent right of possession, any proof on the part of the defendant which goes to show that plaintiff *at the time* of the institution of the suit, was not the actual owner and was

not entitled to the possession thereof, is admissible under the general issue, even though it extend to the proof of fraud in the acquisition of the plaintiff's title, or that the ownership and right of possession are in a third person." And to the same effect is Stern Auc. & Com. Co. v. Mason, 16 Mo. App. 475, and Eidson v. Hedger, 38 Mo. App. 52.

In Greenway v. James, 34 Mo. 328, and in other cases, it was held that where the cause of action which once existed has been determined by some matter which subsequently transpired, such new matter must, to comply with the statute, be specifically pleaded. The requirement of the practice act that the new matter constituting a defense must be specially pleaded, applies to such extraneous matters as are not included within the allegations necessary to support the plaintiff's case. Northrup v. Ins. Co., 47 Mo. 435. The plaintiff had the right to elect either one of two remedies. He elected that afforded by this action. But by instituting the second proceeding, if the contention of the defendants can be sustained, the remedy adopted by the plaintiff in the first instance was extinguished and determined. If this new matter constituted a defense, it was of that extraneous character, which, to be available, is required by the statute to be specially pleaded. An estoppel of this kind must be pleaded in order that advantage may be taken of it at the trial. Plow Co. v. Lang, 55 Mo. App. 349; Miller v. Anderson, 19 Mo. App. 71; Throckmorton v. Pence, 121 Mo. 50; Bank v. Doran, 109 Mo. 40; Avery v. Railway, 113 Mo. 561; Bray v. Marshall, 75 Mo. 327; Noble v. Blount, 77 Mo. 235. But since the defense of estoppel was not pleaded in defendant's answer, the trial court very properly refused to consider the defendant's case on that theory. This was sufficient reason, if for none other, for refusing the defendants' third instruction.

Allen, who was made a defendant with Wayland, his assignee, appeared and pleaded to the merits. He seems there-

after to have been ignored as a *party*. No instructions were asked as to him. All that were asked related to the other defendant. The judgment is, however, against both defendants. From the evidence presented by the abstract it seems to us that there was no ground whatever for making Allen a defendant in the case, nor for rendering a judgment against him. The judgment should be reversed and the cause dismissed as to him, which we shall order accordingly. State ex rel. v. Tate, 109 Mo. 265.

The judgment in favor of both defendants for the property therein specified will be amended here, so as to be in favor of the defendant Wayland alone for the return of such property, or the payment of the assessed value thereof, in accordance with the requirements of the statute in such case (30 Mo. 153); and in all other respects the judgment for plaintiff against the defendant Wayland will stand affirmed. All concur.